## CHARLES HOLMES V. DANIEL HOLLOWAY.

To make a forcible entry as contemplated by our Statute, it is not necessary that the intruder shall have done such acts as would have rendered him liable to an indictment for assault and battery.

D had possession of a mill, and S in his casual absence took possession of it, fully prepared with arms, and manifestly intending, if necessary, to use them in keeping his possession, and by the force thus arrayed caused D to leave his premises, and remain away; these acts constitute a forcible entry and detainer.

A writ of *certiorari* cannot issue without a bond in an action for forcible entry and detainer.

Appeal from San Augustine. Tried below before Hon. A. W. O. Hicks.

Action for forcible entry and detainer, before a Justice of the Peace, where judgment was rendered for defendant, who sued out a writ of *certiorari* to the District Court, without executing a bond. In the District Court there was judgment for plaintiff.

The other material facts are given in the Opinion.

*H. M. Kinsey*, for appellant.

*Moore & Walker*, for appellee.

ROBERTS, J. This is an action of forcible entry and detainer, instituted by appellee against appellant, to recover possession of a tract of land.

An elaborate argument of much research has been submitted, to show that the charge of the Court was erroneous. It

is contended that to make a forcible entry, as contemplated by the Statute, the intruder must have done such acts, as would have rendered him liable to an indictment for an assault and battery. We think the facts of this case very well illustrate that such a rule would not, in all cases, meet the objects of the law. Daniel Holloway had not abandoned the mill, but was keeping it in the usual way, not having his family in the house, or immediately on the premises. Early in the morning, before Daniel had arrived at the mill, Simpson Holloway, arrived with his rifle, took possession, and from some hostile demonstration, made by him on the approach of Daniel, the latter was deterred from attempting to regain his possession. The subsequent conversations of Simpson Holloway and Holmes with the witnesses show that the original entry and subsequent detainer were forcible, and so intended to be. Should Daniel Holloway be required to hazzard his life in an effort to regain possession of his mill, thus violently occupied by another? He is none the less expelled by force, because his prudence kept him from immediate personal contact with it, when he approached near enough to see the danger.

The questions are, did Daniel have possession of the mill? did Simpson, in his casual absence, take possession, fully prepared with arms, and manifestly intending, if necessary, to use them, in keeping Daniel out? and did the force, thus arrayed, cause Daniel to leave his premises, and remain away? These questions are clearly and concisely presented in the charge, and we think embodied the proper instructions for the jury, in reference to the facts before them, as they are now exhibited in the record.

This question was determined in the case of Warren v. Kelly. (17 Tex. R. 544.)

Force, amounting to an assault and battery, may be a usual and convenient test of when an entry is certainly forcible. Its application, in that point of view, would be much more

applicable to the settled state of society in England and the older States of the Union, than in a new country, such as this has been.

There is another question which must control the case. The Court granted a writ of *certiorari*, without requiring a bond, and afterwards overruled exceptions taken by appellant to this proceeding.

The " Act to regulate proceedings in case of forcible entry and detainer," gives an appeal to the District Court, " to be obtained in the same manner, and tried in the same way, as appeals from Justices of the Peace in other cases." (Hart. Dig. Art. 1435.) It is expressly provided in the last Section of the Act that the successful party shall recover the costs of the Justice's Court, as well as those of the District Court. (Hart. Dig. Art. 1436.) If the defendant appeal, he must insert in the appeal bond a condition for the payment of rents, &c. (Hart. Dig. Art. 1436.) Although the Statute concerning appeals from Justice's Courts, has been declared unconstitutional, this reference is made to the subject, to show that the Legislature intended to place this particular action on the same footing with other suits, before a Justice of the Peace, in regard to the supervisory powers of the District Court.

The Act regulating *certiorari* prescribes that " no such writ shall be issued, unless the party applying shall first give bond, with two or more sufficient sureties, payable to the adverse party, for a sum equal to at least double the value of the amount in controversy, conditioned in the same manner as in appeals to the District Court." " And if the judgment be affirmed, ten per cent. damages shall be added, and judgment rendered against all the obligors in such bond." (Hart. Dig. Art. 1753.) An appeal bond was required to be " double the amount of such judgment, interest and costs, payable to the plaintiff, conditioned that the party appealing shall prosecute his appeal to effect, or shall pay and satisfy the judgment or

Holmes v. Holloway.

decree that may be made or rendered by the District Court against the obligors in such bond. (Hart. Dig. Art. 1740.)

These Statutes make the *certiorari* supersede the judgment of the Justice, and renders the sureties liable for the costs of both Courts. As in this action there is no amount of money originally sued for, but only the possession of the land, the amount in controversy is the amount of the judgment for costs, whether the plaintiff or the defendant should be the gaining party. The only difference between them is, that when it becomes necessary for the defendant to give bond, under the Statute authorizing appeal,) he must insert in it an obligation to pay rents. On an appeal, taken to the Supreme Court, from a judgment in the District Court, overruling a motion to quash an execution, the Court said, " On such a motion, the judgment, not reaching beyond the execution, could not, under any conceivable circumstances, be for any thing but cost, and in such cases, cost only would be the debt to be secured by the appeal bond." (Scott & Rose v. Allen, 1 Tex. R. 510.) In that case, the Statute required a bond " in double the amount of the debt or damages," &c. So in this case, the only judgment that can be rendered by the Justice, for any amount of money, is for the costs, and the bond should be given in double that amount, with an obligation for rents, if given by the defendant.

The petition for *certiorari*, filed by the plaintiff, represents " that he is too poor to pay the cost of this suit, and unable to give bond or security for cost."

The only Statutes which make any such facts the ground of exemption, have reference to the rule that a plaintiff may be required to give security for cost upon the motion of defendant, or any one interested in the cost. (Hart. Dig. Art. 801.)

"That every person, whether plaintiff or defendant, who shall make affidavit before the Clerk that he is too poor to pay the fees of office, shall be entitled to receive from such Clerk all such process as will enable him to prosecute or defend his suit, free of costs." (Act of 1846, Hart. Dig. Art. 673.)

" That it shall be lawful for the Clerk of any Court, or Justice of the Peace, to require security for costs before issuing any process, in any suit about to be commenced, unless the party applying for such process, his agent, or attorney, shall make oath, that the party applying is unable to give such security." (Act of 1848, regulating Fees of Office, Hart. Dig. Art. 1379.)

One of these Articles relates only to process at the commencement of a suit; and the other, to process at any time pending the suit. The effect of both is, that a party by making such affidavit shall have the process of the Court issued, without first giving bond, securing the cost of suit, or without prepayment of the fees for the writ. The costs, which he is relieved from paying or securing, are the costs of the Court, where the application is made for the process, and not the costs of some other Court. The process, contemplated in these provisions, is such as are ordinarily issued by the Clerk, and not extraordinary process granted by the Judges of the District Courts, such as injunction, *certiorari, supersedias*, and the like.

Such *certiorari* is a writ, which supersedes the judgment of an inferior Court, and removes the cause into a superior Court for trial. Before a party can entitle himself to this remedy, the same Statute, giving it, requires, as one of the conditions upon which it is granted, that a bond shall be given, securing the judgment rendered in the inferior Court. He has had one trial of his rights in the proper tribunal. He seeks another trial of the same matter. The law requires him to indemnify his opponent in the amount that the Court has adjudged him, before the privilege shall be granted of superseding the judgment, and protracting the litigation, in another Court, of matters already adjudicated between the parties. This indemnity is for the benefit of the successful party. The question here is not only, may a Clerk be required to issue writs, without compensation or security in advance, but also

Holmes v. Holloway.

shall the appellant be deprived of this indemnity for the costs he had recovered, and may have to expend in further litiga tion.

In the case of Mays v. Lewis, (4 Tex. R. 4,) the Court say " we regard the Statute as intended to secure to the defendant in the *certiorari* a right; and we do not feel authorized to deny him the right, which the law has given." " To hold that the writ may be issued upon giving bond with one surety only, (the Statute requiring two,) would be, it seems to us, to repeal the Statute."

These remarks apply with much stronger force to the present case, where no bond has been given at all.

It is the misfortune of temporary disability, that the Statutes, referred to, seek to relieve ; and they should not be extended by construction so as to foist permanent poverty into the position of a privileged suitor, litigating at the expense of his opponents and the public.

We think that the Court erred in not requiring a *certiorari* bond to be given. This is the only serious obstacle to the affirmance of the judgment.

It might be doubted whether the difficulty can now be relieved by allowing a bond to be given. But as that question has not been examined, and as the appellee may have rights, which possibly can still be asserted by that means, we will give the case a direction, which will not preclude him on that subject.

Judgment will be reversed and cause remanded, &c.

Reversed and remanded.