JUDGE HARDIN
delivered the opinion op the court.
The appellant, being the assignee and holder of a lease from the appellee for a term of five years, to expire in October, 1864, of a house and lot in the city of Louisville, subleased the premises to Joseph Burge in December. 1867, and the appellee shortly thereafter proceeded to dispossess Burge by a writ of forcible detainer, upon which an inquisition was found for the plaintiff, which Burge traversed; and, pending this litigation, Burge entered into an agreement with the appellant, from whom he acquired *494 the possession, to restore the same to him; the appellant on his part releasing Burge from liability for rent, and undertaking to defend said suit, and indemnify Burge against damages in consequence thereof; and Burge, having then removed from- the leased premises, delivered the key of the house to the appellant, as appears from the evidence, for the purpose of relinquishing to him the entire possession of the premises; but almost immediately afterward he obtained the loan of the key for the professed purpose of removing' a barrel he had left in the house, promising to return the key on the same day, but instead of doing so he furnished the key to the appellee, who forthwith took possession of the premises.
The appellant, claiming to have been in the possession in fact when the appellee entered, proceeded against him by a writ of forcible entry, on which an inquisition was found for the plaintiff, which was traversed by the defendant, and. on a trial of the traverse, upon a submission of the law and facts to the court, the inquisition was adjudged to be untrue, and from that judgment this appeal is prosecuted.
As possession in fact was essential to a light of recovery in the appellant, the only question to be decided is, whether the facts we have recited were sufficient to transfer the possession from Burge to the appellant; and we are of the opinion that they were. The possession being formally and actually abandoned by Burge, and the unexpired lease restored to the appellant, it was only necessary in order to repossess the latter that he should clearly manifest the immediate intention of resuming the possession and control of the premises. (Brumfield v. Reynolds, 4 Bibb, S88.) This he seems to have done, not only by accepting the agreement in writing to surrender the possession to him, but also by receiving from *495 Burge the key of the house. "Whether, notwithstanding these facts, the appellee might not have lawfully entered on the premises without force, if the lease had then expired under'which the appellant claimed, is a question we need not decide in this case; but entering, as he seems to have done, without right of possession, and against the will of the holder of his lease, to whom the subtenant had surrendered the premises, the judgment in his favor seems not to be sustained by the evidence.
"Wherefore the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.