### McFADDEN v. THOMPSON-STARRETT CO.

(Supreme Court, Appellate Division, First Department.   December 7, 1906.)

DAMAGES—LOSS OF USE OF PROPERTY.

> Where the contractors for the erection of a hotel conducted their work in such a negligent manner as to render a house on adjoining premises uninhabitable so that the tenant moved out, in an action for damages by the tenant against the contractors plaintiff was entitled to recover for the discomfort undergone by his family, for the cost of storing his furniture from the time when he moved out of the house until the time when his lease expired, and for the difference between the cost of living in the house and in a hotel for the time during which plaintiff and his family lived at the hotel after leaving the house and before they left the city, it appearing that they did not live at the hotel at any more elaborate scale than they had been in the habit of doing when in the house; a contention that plaintiff should have been limited to the damage allowed in cases of technical eviction, the same being the difference between the rent reserved and the rental value of the premises being untenable.
>
> McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by John H. McFadden against the Thompson-Starrett Company.  From a judgment in favor of plaintiff, defendant appeals.  Affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, HOUGHTON, and SCOTT, JJ.

Albert B. Boardman, for appellant.

Eugene Lamb Richards, Jr., and Hatch & McCook, for respondent.

SCOTT, J.  The defendant was the general contractor for the erection of the St. Regis Hotel at the corner of Fifty-fifth street and Fifth avenue in this city.  Plaintiff was the lessee and occupant of the adjoining house on Fifty-fifth street.  The house was an expensive one, renting for $6,000 per annum.  The plaintiff had furnished it handsomely,

and had expended a considerable sum upon its decoration and lived in a style and after a standard commensurate with the value and character of the house. The defendant conducted its building operations so negligently as to damage plaintiff's property contained in the house, and to so injure the house itself as to render it uninhabitable and force plaintiff's family to vacate the premises. No question is made upon this appeal as to defendant's negligence, or as to the consequences thereof; the only question raised being as to the measure of damages adopted by the trial court. The court submitted to the jury as elements of damage to be considered: (1) The injury wrought to plaintiff's carpets and furniture. This item is not questioned. (2) The extra cost of moving the furniture over what it would have been in October when plaintiff's lease would, by its terms, expire. This extra cost was estimated by the person who moved the furniture at $300. No evidence to the contrary was offered, and this item is not seriously questioned. The items of damage which are called in question are: (3) The cost of storing the furniture from February, when plaintiff moved out of the house, until October 1st, when his lease expired. (4) The difference in plaintiff's living expenses after he was forced to move out of the house until he and his family left the city, a period of 63 days. (5) The loss of comfort suffered by plaintiff and his family in consequence of defendant's negligent acts. When the house became uninhabitable, plaintiff himself was abroad; the house being occupied by his wife, family, and servants. Plaintiff's wife, with her family and two servants, went to the hotel in this city to which they had been accustomed to go whenever they went to an hotel, and took a suite of rooms. She testified that she lived there quietly and went to no excessive or unusual expense, and there was no evidence that, in doing what she did, plaintiff's wife committed any extravagances, or lived at any more elaborate scale than she had been accustomed to do in the house out of which she had been driven. Testimony was offered, without contradiction, showing the cost of living at the hotel for the 63 days, during which plaintiff's family lived there, and the cost of living in the Fifty-fifth street house, and it was the difference between these amounts which the jury was permitted to consider. Defendant now claims that plaintiff should have been limited to the damage allowed in cases of technical eviction, and cites authorities to the effect that the damage recoverable in such cases is the difference between the rent reserved in the lease and the rental value of the premises. There was no eviction, however, and the rule of damages invoked by defendant is inapplicable. An eviction can be effected only by a landlord, or a person holding a paramount title. Here, notwithstanding the plaintiff had been driven out of the house by the wrongful act of the defendant, he still remained the tenant of the premises and liable to his landlord for the rent. The defendant was guilty of a tort. For that it is sued, and plaintiff is entitled to recover the proximate damages resulting therefrom. As the plaintiff was wrongfully driven out of his house, he was entitled to procure another place in which to live commensurate in point of comfort and standard of living with the house from which he had been driven. He was not bound to seek out and find another house. That would have been difficult, and very likely impossible at the season of the year when the

necessity arose, and for the short period for which he required shelter. He was entitled to take his family to the most available place to live in view of all the circumstances, and, in the absence of either proof or suggestion of extravagance, we are of opinion that he was justified in resorting to an hotel. As to the cost of storing his furniture, the plaintiff was clearly entitled to recover. One of the uses to which he was entitled to put his house was to keep his furniture therein, and when, by defendant's fault, it became impossible to keep the furniture there without running the risk of its destruction, it was proper to find another safe storage place for it. As to permitting a recovery for the discomfort undergone by plaintiff's family, we think that no error was made. The action is similar to one for damages resulting from the maintenance of a nuisance, and in such cases it has frequently been held that the jury may consider the discomfort to which a plaintiff and his family have been put. The verdict was for a less sum than might well have been found for the other items of damage, and it is by no means clear that the jury included anything for discomfort.

The judgment and order must be affirmed, with costs.

PATTERSON, INGRAHAM, and HOUGHTON, JJ., concur.

McLAUGHLIN, J. (dissenting). I dissent on the ground that the case was tried under an erroneous theory, and submitted to the jury under erroneous instructions as to the measure of damage. Among the elements of damage submitted to the jury, to be considered by them, was (1) the difference in plaintiff's living expenses after he was forced to move out of the house until he and his family left the city (a period of 63 days) and (2) the loss of comfort suffered by plaintiff and his family in consequence of being compelled to move. In receiving evidence as to these two items, and permitting the jury to award damages therefor, I think the court erred, and the errors are presented by appropriate objection and exception. The case is analogous, so far as damages are concerned, to an evicted tenant, and the proper measure of damage, as it seems to me, is the difference between the value of the lease for the unexpired term and the stipulated rent, as well as the cost of moving from the house at the time it became untenantable in excess of what it would have been at the expiration of the lease. An evicted tenant cannot recover the increased rent which he may be compelled to pay for other premises hired for the purpose of doing business therein (Chatterton v. Fox, 5 Duer, 64) and for a failure to deliver possession, the damages recoverable by a tenant are governed by the same rule— the excess of the actual rental value over the rent reserved in the lease. Eastman v. Mayor, 152 N. Y. 468, 46 N. E. 841; Dodds v. Hakes, 114 N. Y. 260, 21 N. E. 398. It makes no difference whether the action be on contract or in tort, the measure of damage is the same. Trull v. Granger, 8 N. Y. 115. In Gourdier v. Cormack, 2 E. D. Smith, 200, a tenant brought an action against one other than his lessor to recover damages caused by the blasting of rock on the lot adjoining his premises. It was held that, in so far as he was deprived of the use of his house, he was entitled to the value of such use during the interruption,

and in addition the expense incurred in removing the rock thrown upon the lot and the injury to his house caused thereby.

The judgment and order appealed from, therefore, should be reversed, and a new trial ordered, with costs to appellant to abide event.

