## John Zuercher v. Walter Startz and Bruno Vogel.

### Decided January 27, 1909.

**1.—Forcible Entry and Detainer—Possession.**

To constitute actual possession of enclosed pasture land, entitled to protection under the law of forcible entry and detainer, it is not necessary that the occupant reside on the land or be present in person thereon at the time of entry.

**2.—Same—Unlawful Entry.**

An entry on land is forcible within the meaning of the law, where made without the consent of the person having actual possession (Rev. Stats., art. 2520) though made under claim of title and right of entry, without violence, and in the absence of the person in possession.

**3.—Same—Title.**

The merits of the title cannot be inquired into in the action of forcible entry and detainer; and if the entry is within the meaning of the statute a forcible or unlawful one, it is no defense to show that it was by the holder of title entitled to possession under it.

Appeal from the District Court of Comal County. Tried below before Hon. L. W. Moore.

*Salliway & McAskill,* for appellant.—The landlord has the right of possession against a trespasser and the law allows him to peaceably take the possession of a trespasser. Texas Mex. Ry. Co. v. Cahill, 23 S. W., 233; Texas Land Co. v. Turman, 53 Texas, 619; Camley v. Standfield, 10 Texas, 551; Andrews v. Richardson, 21 Texas, 297; Gallagher v. Bennett, 38 Texas, 294; Heironimus v. Duncan, 33 S. W., 287; Clark v. Hutton, 28 Texas, 125.

In forcible entry and detainer the right of possession alone shall be the issue, and issues of title can not be settled; and upon an issue of the right of possession deeds may be introduced in evidence. Same authorities.

*Guinn & McNeill,* for appellee.—One in possession of land, using it for pasture, is entitled to protection against intruders the same as if he resided upon the land, and any entry in his absence and against his will is regarded as forcible. Cyc., 1131; Hammond v. Doty, 184 Ill., 246; Phelps v. Randolph, 35 N. E., 243.

A bare possession without right, if unlawfully invaded by force, will be protected and restored, even against the owner who is legally entitled to possession, if plaintiff was in actual possession at the time of the forcible ouster. Any peaceable possession is a legal possession as against a wrongdoer who forcibly ejects occupant. Cyc., 1132.

By Revised Statutes, art. 2529, it is said that "In forcible entry and detainer trials the only issue shall be as to the right of actual possession, and the merits of the title shall not be inquired into." A number of authorities are cited under this article, among them that of Wyat v. Monroe, 27 Texas, 269, and Warren v. Kelley, 17 Texas, 544, and 53 Texas, 619. See also Smith v. Ryan, 20 Texas, 662, and 64 Texas, 634.

RICE, ASSOCIATE JUSTICE.—This was an action of forcible entry and detainer, brought by appellees in the Justice's Court of Precinct No. 3, Comal County, against appellant to recover possession of about 3000 acres of land, known as the Uecker Ranch, from which it was alleged in their complaint, they had been forcibly ejected by the appellant. It was further alleged by appellees that on the first of December, 1907, by written contract, they leased the premises in controversy from one Herman Harns, guardian of the person and estate of Anna Uecker, a non compos mentis, for the period of three years, said lease being made by virtue of an order of the Probate Court of Bexar County, Texas, and that they were in actual, peaceable and exclusive possession thereof, and that thereafter; on the 10th of December, 1907, the said appellant unlawfully and forcibly entered upon and took possession of said premises without their consent and has since withheld, and still unlawfully, wrongfully and forcibly withholds, the same from them.

The case was tried in the Justice's Court of said precinct, where judgment was rendered for appellees, from which an appeal was taken by appellant to the District Court of said county, where appellant, after a general demurrer and general denial; answered specially to the effect that on the 16th day of May, 1906, the said Anna Uecker conveyed the premises in controversy to appellant and one William Zuercher, whereby they became the owners thereof, and that they went into peaceable possession of said premises under the authority of said conveyance to them, alleging that appellees were trespassers and were not in possession when he entered. He further denied that the said Anna Uecker was ever adjudged non compos mentis, and that if she ever was, it was long subsequent to the conveyance by her of the premises to himself and William Zuercher.

There was a trial before the court without a jury, and the court found appellant guilty of forcible entry and detainer, and rendered judgment for appellees restoring possession to them, and likewise rendered judgment in their favor against appellant for $25, as attorney's fees, from which judgment this appeal is prosecuted.

There is no statement of facts in the record, but the court filed its conclusions of law and fact, from which it appears that appellees had leased the premises in controversy from said Harns, the guardian of the person and estate of Anna Uecker, and were in the actual, peaceable and exclusive possession of the same at the time of the alleged entry by appellant; that said premises were enclosed with gates and fences, which were sufficient to control and confine the animals pastured therein; that appellees were using said pasture for their cattle, exercising dominion thereof; that the houses on the premises were in bad repair, on account of which neither appellees nor their tenants were at the time living on the premises, but that there was corn stored in the crib and some salt for salting the stock; that before the appellant entered upon the premises he demanded possession from appellees, which they refused to give. The court further found that on the 8th of December, 1907, appellant entered the premises in the absence of appellees, but used no actual violence nor force in so doing, and did so under a claim of ownership. Appellees at no time consented to

such entry by appellant. From which facts the court concluded that at the time of the entry upon said premises by appellant plaintiffs were in the actual possession of the same within the meaning of the law, and that the entry by appellant was unlawful and by force within the meaning of those terms as defined and expressed in the law of forcible entry and detainer, and that it was immaterial, for the purposes of this action, as to who owned or had the legal title to the premises.

By his first assignment appellant urges that the court erred in finding that plaintiffs were in actual possession of the property within the meaning of the law of forcible entry and detainer. From the facts found by the court we are inclined to believe that appellees were in actual possession of the premises, as is contemplated by our statute upon this subject. They appear to have had control and possession of the pasture in question, using the same as persons ordinarily use such lands. It is not necessary, in our judgment, that they should actually live upon the land, to constitute actual possession on their part; nor does the fact that they happened to be casually absent at the time that appellant took possession of the premises in any way affect their rights. In Lewis v. Yoakum, 32 S. W., 237, it is held that where one who is in actual possession of property closes the same up and remains temporarily absent, the actual possession with which he is invested continues so as to support an action of forcible entry and detainer against one wrongfully taking possession during such temporary absence. See also in support of the same doctrine Warren v. Kelly, 17 Texas, 544; Holmes v. Holloway, 21 Texas, 659.

In Winn v. McKinnon, 39 S. W., 965, it was held that the lessee of pasture land, enclosed by a fence completed except for the gates, has such actual possession thereof as would entitle him to maintain an action of forcible entry and detainer.

In Hammond v. Doty, 184 Ill., 246, under a statute in many respects similar to our own upon this subject, it is held that "one in possession of land, using it for pasture, is entitled to protection" against intruders, the same as though he resided upon the land, and any entry in his absence against his will is regarded as forcible and in violation of the statute. The same doctrine is also held in Phelps v. Randolph, 35 N. E., 243. Hence, we conclude that appellees had such possession of the premises as entitled them to maintain this suit, and therefore overrule this assignment.

By his second assignment appellant urges that the court erred in holding that the entry by the defendant was unlawful and by force within the meaning of those terms as defined and expressed in the law of forcible entry and detainer, and insists that where one has the right to enter and does so peaceably, and gains that to which he is entitled, he does no wrong within the meaning of the law. By art. 2519, Sayles' Rev. Civ. Stat., it will be seen that this action will lie "if any person shall make an entry into any lands, tenements or other property, except in cases where entry is given by law, or shall make any such entry by force," and art. 2520 defines a forcible entry or an entry where entry is not given by law, as meaning "An entry without the consent of the person having the actual possession." So that it

would seem that if we were right in holding in the first instance that appellees had actual possession of the property in question, then the entry thereon by appellant, in the meaning of the law, was a forcible one, for the reason that it appears from the findings of the court that the same was made in the absence, against the will, and without the consent of appellees. In the present case the taking possession of the property in the absence of the parties in possession and without their consent, is amply sufficient to support this action on the part of appellees, and to make said entry a forcible one in contemplation of our statute; and we are supported in this conclusion by the cases of Holmes v. Holloway and Warren v. Kelly, supra. Hence, overrule this assignment.

We think there is no merit in appellant's fourth assignment, in which he urges that the court was in error in holding that it was immaterial for the purposes of this action as to who owned or had the legal title to the premises. Article 2529 of our Revised Statutes reads as follows: "On the trial of any cause of forcible entry or forcible detainer under the provisions of this title, the only issue shall be as to the right to actual possession, and the merits of the title shall not be inquired into." It has been repeatedly held by the courts that in actions of this character, the question of title can not be inquired into, that the only issue is as to who is entitled to the actual possession of the premises. We therefore overrule this assignment.

The remaining assignments are not in conformity with the rules of this court, and we would therefore be justified in not considering the same; but, after a careful review of the questions raised therein, we are inclined to believe that there is no merit in either of them, and therefore overrule same.

Finding no error in the judgment of the court below, the same is in all things affirmed.

*Affirmed.*