## Ingram v. Foster and Roma Lane.

(Decided October 14, 1924.)

## Appeal from Bell Circuit Court.

1. Landlord and Tenant—Under Provision that Lessee May Renew, Positive Act or Notice Required Under Provision for Extending Term—Holding Over Sufficient.—Where contract provides lessee may renew lease, some positive act on part of parties, or notice by tenant of intention to renew, is required, but, where lease provides that lessee may extend term, mere holding over is sufficient to extend it.

2. Landlord and Tenant—Lease Held to Grant Merely Right to Renew and Not to Extend.—Lease giving second party option at end of three years to lease building for another term of three years held to grant merely right to renew and not right to extend term.

3. Landlord and Tenant—Written Notice by Lessees Pursuant to Option Held to Extend Term.—Under lease giving lessees option at end of three years to lease building for another term of three years, written notice of election to renew had effect of extending term of lease for three additional years without any other act.

4. Landlord and Tenant—Lessee could Maintain Forcible Detainer Against Lessor in Possession for Repairs.—Where lessees surrendered possession of building to lessor in order that he might repair it, he thereby became their tenant, and upon refusal to restore possession to them they were entitled by writ of forcible detainer to recover possession, though original term of lease expired before proceeding was tried in circuit court; lessees having given notice of election to renew lease.

E. N. INGRAM for appellant.

JAMES H. JEFFRIES for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellant, E. N. Ingram, owns a business house in
Pineville, Kentucky, known as the Burchfield Building.
On June 16th, 1919, by written contract, he leased the
building to Leo Gilreath for a period of three years. In
the spring of 1921 the building was damaged by fire. After
the fire appellees, Foster and Roma Lane, became the
owners of the lease by purchase and assignment and occu-
pied the building and paid rents to appellant. After-
wards and before the expiration of the lease, and on July
2, 1921, in order that repairs might be made because of
the damage done by the fire, appellees vacated the build-
ing and turned it over to appellant. A controversy arose
between the parties as to whether appellant was prosecut-
ing the work of repairing the building with diligence, and
appellees served notice on him that they would hold him
responsible for the further unnecessary delay in repair-
ing the building and the damage that would result to them
from being kept out of it. The contract of lease con-
tained this clause: "First party now gives the second
party an option at the end of three years to lease said
building for another term of three years." By the same
writing by which appellees notified appellant that they
would claim damages for his further unnecessary delay
in repairing the building, they also notified him that
under their option they elected to lease the building for
the additional term of three years. By the writing they
recited the execution of the original lease, copied it into
the notice, referred to the assignment of the lease to them
and then used this language:

> "You are therefore hereby notified that the un-
> dersigned as owners and holders of said lease, now
> hereby exercise the option given to the lessees in said
> lease to lease the said building and premises men-
> tioned and described in said lease for another and ad-
> ditional term of three years beginning June 16, 1922,
> and ending June 16, 1925, upon the same terms
> stated in the said lease."

Following this appellant, after completing the re-
pairs, refused to restore possession of the building to ap-
pellees or to execute a new lease for the additional three-
year term. Thereupon on the 5th day of August, 1921,
appellees instituted a forcible detainer proceeding
against appellant to recover possession of the building.

Appellant did not appear in the magistrate's court and respond or plead to the writ, and was adjudged guilty of the forcible detainer by that court. Immediately afterwards, however, he traversed the inquisition and carried the proceeding to the circuit court. The trial was not finally had in the Bell circuit court until January 3rd, 1923, and when there tried, after the introduction of all evidence, the parties, both appellant and appellees, moved the court for a directed verdict. The court overruled the motion of appellant and sustained that of appellees, and on the verdict thus returned entered judgment adjudging appellant to be guilty of the forcible detainer complained of. This appeal is prosecuted from that judgment.

Appellant insists that, because the trial of the forcible detainer proceeding in the circuit court was not had until after the expiration of the original three-year lease, appellees were not entitled to relief under that writ, claiming that their right to possession had terminated with the expiration of the original three-year lease. His contention is that under the circumstances of the parties, by the clause in the original lease quoted, appellees had only the right by action in equity for specific performance to compel appellant to execute a new lease, or by an action at law to recover damages for the breach of the contract; and that their right to possession had terminated, and with it their right by writ of forcible detainer to have possession restored to them, with the expiration of the original three-year lease.

The facts of this case present a new angle to the intricate questions arising from provisions of this character in lease contracts. There seems to have been recognized by our own, as well as the courts of last resort of the other states, a distinction between the right granted to a lessee to extend the term or to renew the lease. The distinction is that where the contract provides that the lessee may renew the lease some positive act on the part of the parties or notice by the tenant of his intention to renew is required, while with reference to a provision in the lease that the lessee may extend the term the mere holding over by the lessee has been held to be sufficient of itself to extend it. (See Miller v. Albany Lodge, F. & A. M., 168 Ky. 755; Kozy Theatre Co., et al. v. Love, et al., 191 Ky. 595; Klein v. Auto Parcel Delivery Co., 192 Ky. 583; Ky. Lumber Co. v. Newell, 105 S. W. 972.) The distinction made between the right to renew and the right

to extend is fully discussed and the authorities on the question are collated in the foregoing cases.

Considering the language of the clause granting to appellees the right to renew or extend the contract now in question, it seems clear to us that this contract must be construed to have granted to appellees merely the right to renew and not the right to extend. However, as pointed out in the opinions of the foregoing cases, the only distinction made in the two classes of cases is that where the appellee is given the right to another lease or to renew the original lease, either the parties must do some positive act to evidence the fact that the lease has been renewed or the lessee must give notice that he elects to take the new lease or hold for the additional term. But, in the case now being considered, while the three-year lease was in force, appellees served on appellant written notice by which they expressly notified him that they elected under the option granted in the original lease to lease the building in question for another and an additional term of three years. Having done this they have complied with the only requirement made by this court in defining the distinction between the two classes of rights granted in lease contracts; and, having complied with the only requirement that marks the distinction, the parties then were on the same footing exactly as if the language in the lease now in question had been such that it could be construed to be the right to extend the term instead of the right to renew the lease. Appellees having surrendered possession of the building to appellant at a time when under the original lease they were entitled to the possession, in order that appellant might repair the building, he thereby became their tenant; and, upon his refusal to restore possession to them, they were entitled by writ of forcible detainer to recover possession from him. (See Haupt v. Pittaluga, 6 Bush 493; Hunt v. Wilson, 14 B. M. 44; 26 Corpus Juris, page 836; Iron Mountain & H. Railroad Co. v. Johnson, 119 U. S. 608; 7 Sup. Ct. Rep. 339.) Nor did the fact that the original three-year lease expired before the forcible detainer proceeding was tried in the circuit court change the status of the matter. From the date of the issual of the writ of forcible detainer until the expiration of the original lease, appellant within the meaning of the statute in question, forcibly detained the building from appellees. If appellees had been in possession at the close of the original three-

year term, after having given the notice they did, under the opinions of this court, above referred to, appellant could not have ousted them of their possession. They would have been entitled to the possession after giving that notice for the additional three years just as they would have been entitled to possession for an additional three years by holding over if the lease contract had provided for an extension of the term. Appellant was legally bound after appellees elected to hold for the three additional years to permit them to do so, and if necessary to accomplish that end was legally bound to execute a new lease.   If appellees had been in possession, after they elected to hold for the additional three years and so notified him, appellant then by merely unlawfully refusing to execute a new contract could not have recovered possession from them.   He would have been estopped to take advantage of his own wrong in that way.   How then can appellant be heard to say that, by wrongfully withholding and forcibly detaining the possession of the building from appellees from August, 1921, until the original lease expired in June, 1922, he has improved his standing? Can we say that with the double wrong to his credit appellant has become right?   We do not think so.  As pointed out above, the only distinction between the two classes of options, the one to renew and the other to extend, is that in the former lessees must give notice before the expiration of the original lease of their election to hold for the additional term, while in the latter class the holding over by lessees automatically operates to extend the term. In the light of the facts of the case now before us we hold that appellees by giving the notice complied with the only requirement necessary to eliminate the distinction and that the giving of the notice operated to extend the term of the original lease to cover the three additional years, and that no new lease was necessary.

Appellant's other contentions are not sufficiently meritorious to require discussion.

The action of the court below in giving the jury a peremptory instruction to find for appellees at the close of the testimony being in accord with our conclusions herein, the judgment of the lower court is affirmed.