ANNA VAN OMMEN, RESPONDENT, v. ELIZA JANE HAGE- MAN, APPELLANT.

Submitted June 6, 1924—Decided October 22, 1924.

1.  An action for damages to realty caused by water seeping through from an adjoining property is a local action, and must be brought in the state where the realty is situated; such an action does not become a transitory one because money damages for negligence are sought to be recovered.
2.  Defendant cannot confer jurisdiction upon the court of the subject-matter of the suit, where no jurisdiction exists, much less can he do so by waiver, which is a mere matter of procedure.

On appeal from the First District Court of Newark.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Howe & Davis.*

For the respondent, *Wolber & Gilhooly.*

The opinion of the court was delivered by

MINTURN, J. The action was tried in the First District Court of Newark without a jury, and judgment was rendered for $485. The fundamental question involved is one of jurisdiction, and the solution of that will be dispositive of the appeal.

The plaintiff was the lessee of a building in New York City, adjoining a building owned by the defendant. Owing to a defective leader on defendant's building, water seeped through the intervening party wall, and for the resulting injury plaintiff claims damages for expenditures in repairing the building, loss of rent, as well as damage to the furniture.

The defendant contends that the action is local, being for injury to realty in another jurisdiction, and that the court was without jurisdiction to determine the issue. The plaintiff asserts that the action is for injury to the leasehold, a chattel real, and, hence, essentially personalty, and that the action being based upon negligence and for money damages is transitory in character.

We consider it immaterial in what capacity the plaintiff holds an interest in the realty; the action, in so far as damages are claimed for the repairs and the loss of use of the building, is one for injury to realty in another jurisdiction, and is therefore local in character, over which the trial court had no jurisdiction.

The plaintiff contends that, even if the action is a local one. the defendant waived the lack of jurisdiction, by appearing and cross-examining the plaintiff's witnesses, and in moving for nonsuit on other grounds beside the jurisdictional contention. This, however, is not a case of special appearance converted into a general appearance by the party proceeding to trial on the merits. The defendant appeared generally and objected to the jurisdiction of the court at the commencement of the action, and later urged the same objection as ground for nonsuit. The objection, it will be observed, is not that an action, of which the court had jurisdiction, is brought in the wrong county, but that the court was without jurisdiction of the subject-matter of the action, and that in such a status consent could not infer jurisdiction. The defendant might waive the place of trial, in the ordinary case of a wrong venue within the state, but he cannot confer jurisdiction of the subject-matter by consent where no jurisdiction exists, and much less can he do so by waiver, which is a mere matter of procedure.

The plaintiff also contends that defendant's objection to the court's jurisdiction was too broad, inasmuch as the action included injuries to personalty. But the plaintiff cannot, by including in his objection the injury to furniture (either as a separate action or as an item of damage), confer jurisdiction upon a court which fundamentally is not constituted to try the case.

In 15 *Corp. Jur.* 742, the rule is comprehensively declared: "It is usually considered that actions for trespass or injuries to real estate are local in their character, and must be brought in the state where the land is located, and a court of another state cannot entertain such an action even though all persons concerned are within the jurisdiction, and it is certain that defendant cannot be reached by the courts of the state in which the trespass was committed."

So, it was declared in *Ackerson v. Erie Railroad Co.,* 31 *N. J. L.* 309: "Some other actions, which do not seek to direct recovery of lands and tenements, are also local, because they arise out of a local subject, or the violation of some local right or interest. Of this class are waste for damages only; trespass *quare clausum fregit,* trespass on the case for injuries to things real, as nuisance to houses or lands; disturbances to rights of way; obstruction or diversion of ancient water courses." Citing 1 *Chit. Pl.* 268.

In pursuance of this general conception of the law, it was declared in New York that an action against a railroad company for negligently setting fire to and damaging plaintiff's real property situated in New Jersey, notwithstanding the allegation of negligence, was, nevertheless, at common law, an action of trespass on the case for injury to real property, and was therefore not maintainable in the courts of New York. *Brisbane v. Pennsylvania Railroad Co.,* 205 *N. Y.* 431; 98 *N. E. Rep.* 752. To the same effect are: 30 *Am. & Eng. Anno. Cas.* 593; 44 *L. R. A. (N. S.)* 274.

The language of the court, speaking by Chief Justice Cullen and Mr. Justice Gray, in the New York case, furnishes the ratio *decidendi:* "It is conceded that an action for trespass, or trespass on the case for injuries to foreign land,

cannot be maintained here under our rule. But it is sought to take the case without the rule on the ground that it is an action for negligence, and, therefore, transitory. I understand that an action for negligence is or was, so long as actions had names and forms, an action of trespass on the case, and it was for injury to realty * * * or to the person * * * or to personal property.

"This action is like the old action of trespass on the case, where the injury is consequential, or, being direct, is the result of negligence * * *. I am not satisfied that a valid distinction is suggested in the argument that the gravamen of the action is negligence, and the relief sought is a money judgment by way of damages. It is, still, an action for injury to real estate as the result of that negligence."

To the same effect are the views in the Circuit of Mr. Justice Parker, in 30 *N. J. L. J.* 114, and the consideration given to the question in *Hill* v. *Nelson*, 70 *N. J. L.* 378.

Where different articles or kinds of property belonging to the same person are injured by the same wrongful act, it is generally held that there is but one indivisible cause of action. 1 *Corp. Jur.* 1118, § 301; 1 *R. C. L.* 346, and cases.

In this state the rule has long been settled that an action for injuries to both realty and personalty, laid in the wrong venue as to the realty, is indivisible as to the entire cause of action.

We conceive that the entire controversy, both as to jurisdiction and the joint nature of the resulting damage, was fully considered and disposed of in this state in *Blackford* v. *Lehigh Valley Railroad Co.,* 53 *N. J. L.* 56, where it was held not only that the action was local in character, but also that the resulting damage was indivisible as a cause of action, when vested in the same plaintiff.

These views result in the reversal of the judgment before us, and render unnecessary consideration of the other questions presented in the briefs. Such will be the rule.