**LEWIS et al. v. LILLISTON.**

No. 6741.

United States Court of Appeals for the District of Columbia.

Argued Jan. 7, 1937.

Decided March 8, 1937.

Christopher B. Garnett, of Washington, D. C., for appellants.

Before MARTIN, Chief Justice, and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

Accomack Banking Company, Inc., is a Virginia corporation conducting a general banking business in Accomac county. In December, 1931, it became insolvent and Metompkin Bank & Trust Company was appointed receiver by the circuit court of Accomac county, since which time the latter company has been engaged in winding up the affairs of the bank. Appellee was assistant cashier of the bank, and this suit was brought against him by creditors, alleging that he had on the day the bank closed unlawfully withdrawn $2,450 from his deposit account. Subsequently appellee moved to Washington and is now a resident of the District of Columbia, and this suit was instituted by appellants, suing for themselves and all other creditors similarly situated. The bill alleges that plaintiffs repeatedly called upon the receiver to bring the suit, but the receiver refused to do so. The District Judge, who heard the case below, sustained a motion to dismiss on the ground that the receiver of the closed bank (under Virginia Code, § 4149 (52) succeeded as assignee to the rights of the bank; that the receiver is under the control of the Virginia court; and that appellants have no standing to sue without the approval or authorization of the Virginia court. We think this holding correct in result.

In Virginia the State Corporation Commission is given authority over Virginia banks generally similar to the authority of the Comptroller of the Currency with relation to national banks, except that in Virginia, if the Commission shall be of opinion that a receiver should be appointed, it is authorized to apply for such an appointment to the circuit court of the county or city in which the bank is located. When the court has acted and appointed the receiver, the receiver is made by statute the assignee of the assets and the property of the bank "with power to prosecute and defend, in the name of the bank or trust company or in his name as such receiver or otherwise, in Virginia or elsewhere, all such suits as may be necessary" for the purpose of collecting the assets of the bank. The administration of the estate, through the receiver as the officer of the court, is for the benefit of those whom the court shall ultimately adjudge to be entitled to it. In the circumstances—as was said in Porter v. Sabin, 149 U.S. 473, 479, 13 S.Ct. 1008, 37 L.Ed. 815—the court may in its discretion direct the receiver to sue on any claims of the bank or may direct him to adjust them and settle them without suit. The method and time of asserting such rights of action are sub-

jects within the exclusive jurisdiction of the court so long as the receivership exists. In this view, the allegation of a refusal by the receiver to bring the suit is not sufficient. Appellants cannot maintain such a suit without showing that they have applied to the court for an order requiring the receiver to bring the suit or, in the alternative, permitting them to bring it in its stead. If upon application the court directs the receiver to sue, the rights of creditors are, of course, fully protected. If the court refuses to require the receiver to sue but grants to creditors permission to do so, they may—certainly in this jurisdiction—maintain such a suit as appellants have instituted. There are cases in other federal courts holding or implying the contrary (cf. Kelly v. Dolan [C.C.A.] 233 F. 635), but we are not disposed to follow them. If, however, the court refuses to direct suit by the receiver and also refuses permission to creditors to sue, the courts of this jurisdiction cannot, of course, undertake to maintain such a suit as appellants have brought. Porter v. Sabin, supra. All that we hold is that, until an order to show cause such as we have indicated above has been applied for and decided by the court having custody of the estate, creditors, seeking to protect rights which the Virginia law vests in the receiver alone, cannot be said to have exhausted all the means within their reach to induce by appropriate action the bringing of the suit by the statutory receiver. The lack in this case of an allegation showing the facts in this regard not only leaves the courts of this jurisdiction without basis for determining whether or not appellants have exhausted the remedies reasonably available to them, but also renders the courts unable to know whether or not by entertaining the present suit they are improperly interfering with the Virginia court in its orderly administration of the insolvent estate.

We think, however, that under the circumstances the court below should permit appellants to amend their bill by showing that they have made application to the Virginia court; and we therefore reverse the decree, at appellants' cost, with instructions to the lower court to set aside its dismissal of the bill and to permit appellants to show whatever facts may then exist which, in the view we have expressed, will give the court below jurisdiction to proceed to adjudicate the claim.

Reversed.