## JOHNSON v. PERKINS et al.

### No. 3620.

Court of Civil Appeals of Texas. Beaumont.
March 21, 1940.

Rehearing Denied May 1, 1940.

S. A. McCall, of Conroe, for appellant.

Geo. B. Darden, and J. W. Simpson, Jr., both of Conroe, for appellees.

O'QUINN, Justice.

On April 22, 1936, appellee, Elvira Green Perkins, joined by her husband, Lewis Perkins, filed this suit in the district court of Montgomery County, Texas, against Oscar Johnson, appellant, to recover title to and possession of 57.1 acres of land, a part of the Neal Martin league survey in Montgomery County. The case was tried on appellees' first amended original petition in which appellees alleged that Mrs. Perkins was a niece of Thomas Johnson and his wife, Priscilla Johnson, and had lived with her said uncle and aunt since she was about two years old; that her said uncle and aunt never had any children, and with the consent of her (Mrs. Perkins') parents they took her to live with them as if she were their own child; that she lived with her said relatives all of her life until she was about nineteen years of age, when, with her foster parents' consent, she married Lewis Perkins; that after her marriage she lived with or near by her said foster parents; that Thomas Johnson and his wife Priscilla Johnson owned and lived on the land in controversy; that Priscilla Johnson died April 13, 1932, and that some two weeks after her death her uncle, Thomas Johnson, told her that he wanted her to have the place and what he had and he would live with them, and for them to then take possession of the place and take care of him, and that he then and there gave the place to Mrs. Perkins in consideration of the services of her and her husband in taking care of him; that she and her husband immediately took possession of the land and exercised care and control over same, farmed same, harvested the crops, built valuable and permanent improvements thereon and performed all the duties incumbent upon them in caring for her said uncle, Thomas Johnson, and protecting and improving the premises; that Thomas Johnson went with them and lived with them the rest of his life, and was cared for by them; that Thomas Johnson died December 22, 1935; that during the time he lived with appellees on various occasions he stated to numerous persons that he had given the land to his niece, Mrs. Perkins. On December 30, 1935, appellant, Oscar Johnson, a nephew of Thomas Johnson, deceased, filed for record in the Deed Records of Montgomery County, Texas, a purported deed from Thomas Johnson to himself to the land. This deed was dated December 4, 1933, and was signed by his (Thomas Johnson's) mark, and acknowledged before B. J. Strode, Notary Public in and for Galveston County, Texas. It recited that it was executed in Galveston County, Texas, for the consideration of $50 cash and love and affection. It was not witnessed. Appellees attached a copy of this deed to their petition. Mrs. Perkins under oath attacked the deed as a forgery. Appellees prayed for judgment for the title and possession of the land, and that the purported deed from Thomas Johnson to Oscar Johnson be declared a forgery, and in all things held for naught, and that the cloud upon their title by reason of said deed be removed.

Appellant, defendant, answered by general demurrer, several special exceptions, among them, (a) that the transaction plead by appellees with Thomas Johnson (of a parol gift of the land by Thomas Johnson to Mrs. Perkins) was in violation of the statute of frauds, Vernon's Ann.Civ.St. art. 3995 et seq., and so not enforcible; and (b) that appellees' petition "failed to show that the land involved in this suit was ever in possession of the plaintiffs or that they were ever put in peaceable possession" of the land; and further answered by general denial and plea of not guilty.

The case was tried to the court without a jury, and judgment rendered for appellees for the title and possession of the land; that the deed from Thomas Johnson to appellant Oscar Johnson was a forgery, and removing the cloud upon the title of appellees cast by the forged deed. This appeal is from that judgment.

We overrule appellant's assignment that the court erred in refusing to sustain his general demurrer to appellees' first amended original petition. The petition was good as against a general demurrer.

There was no error in overruling appellant's special exception asserting that appellant's allegation of possession was not good because it did not directly allege that they moved upon and took actual possession of the property under the parol gift

of the land to Mrs. Perkins by her uncle Thomas Johnson. The petition alleged that appellee "Immediately took possession of the land," and alleged the use, control and acts of ownership exercised on and over the same, such as farming the land, harvesting the crops, building fences, cutting wood for use, and all such acts as were necessary for operating the land as a farm. Appellant insists that appellees should have alleged that they took possession by moving upon said land and residing thereon, that any other or different possession was not sufficient to obviate the statute of frauds. This contention is without force. Appellee, Mrs. Perkins, claims the land by virtue of a parol gift from her uncle, Thomas Johnson. It is well settled that for a parol sale or gift of land to be valid three things must occur: (a) payment of the consideration, in case of a sale; (b) possession by the purchaser or donee; and (c) the making of valuable and permanent improvements by the possessor. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216. The gift, followed by immediate possession, the making of valuable improvements, and the rendering of service by the donee were alleged. But appellant says that the actual occupancy—residing upon the land—was not alleged. It is not believed that such character of possession is required. In the case of a parol gift, as in the instant case, if the donee takes the land into possession by taking charge of the land, and the exercise of acts of ownership, such as using it, controlling and making of valuable improvements thereon, these acts constitute a compliance with the law, and the statute of frauds has no application—does not obstruct the passage of title to the donee. We are not cited to any case supporting appellant's contention, nor have we been able to find such a decision. Under some circumstances, "possession" and "occupancy" are regarded as practically synonymous. Under other circumstances they are easily distinguishable. Actual occupation is not necessary to constitute possession. Nevin v. Louisville Trust Co., 258 Ky. 187, 79 S.W.2d 688. The term "possession" has been variously defined to indicate the holding or retaining of property in one's power or control; and generally one has the possession of personal property when it is under his dominion and subject to his control. Physical occupancy and legal possession of property are not necessarily identical. Jones v. Bodkin,

44 P.2d 38, 172 Okl. 38. "Actual residence on land is not necessary to establish or maintain 'possession' so as to be within protection of statute providing that owner shall be entitled to possession of property for one year from date of foreclosure sale, but owner is in 'possession' when land is cultivated by his tenant." McClure v. Federal Land Bank of Louisville, 213 Ind. 644, 14 N.E.2d 101.

Our holding has support in Zuercher v. Startz, 53 Tex.Civ.App. 442, 115 S.W. 1175. While the cited case was one in forcible entry and detainer, still the nature of the possession was involved. The party claiming the right of possession did not reside on the premises, but had possession of the land, using and controlling it and kept up the fences enclosing the premises. The court in passing upon the question of whether it was necessary for the one claiming the right of possession to actually occupy the premises held that such actual occupancy was not necessary.

In trespass to try title, in order to show adverse possession, it is not necessary for the party alleging same to show actual occupancy of the land, Cantagrel v. Von Lupin, 58 Tex. 570, but that such adverse possession may be shown by such continuous and uninterrupted cultivation, use and enjoyment of same as to be visible, notorious acts of ownership sufficient to give notice to the owner that the land is being claimed by another. Hardy v. Bumpstead, Tex.Com.App., 41 S.W.2d 226, 76 A.L.R. 1488.

We overrule appellant's contention that appellees failed to allege and prove substantial improvements made by them on the land in question. Appellees alleged valuable and permanent improvements, itemizing same with value thereof. While the improvements were not of a considerable value, they were substantial and of actual value, such as repairs to the dwelling house, recurbing water well, placing new supporting blocks under house, reflooring crib, and repairing fence enclosing property annually, and using money derived from use of the premises for general upkeep of premises. We think the pleading and proof sufficient. The court in his findings of fact so found. The rule as now settled appears to be that the donee's improvements must be substantial, but the courts hold that there is no minimum value as a matter of law. Davis v. Douglas, Tex.Com.App., 15 S.W.2d 232.

(The holding of the Commission of Appeals was approved by the Supreme Court.) And see: Barrett v. Calloway, 66 S.W.2d 367.

■ Appellant's contention that the court erred in permitting Lewis Perkins, husband of Elvira Perkins, to testify relative to Thomas Johnson giving the land to his wife because same was in violation of Article 3716, R.C.S. (dead man's statute), is without merit. She was not claiming the land as an heir or legal representative of Thomas Johnson, but under a parol gift from him. Wootters v. Hale, 83 Tex. 563, 19 S.W. 134.

■ The conclusion of the court, and the finding set out in the judgment that the deed from Thomas Johnson to Oscar Johnson, appellant, was a forgery, has ample support in the record. Appellee Elvira Perkins under oath attacked the deed as a forgery. Appellant did not offer any proof of its execution. While the deed recited a consideration of $50 cash and love and affection, appellant did not testify himself, nor offer evidence of any character to show its execution. On its face the deed purported to have been executed in Galveston County. It showed to have been acknowledged before one B. J. Strode, a Notary Public in and for Galveston County. Strode did not testify. The deed was dated December 4, 1933. It was not placed of record until December 30, 1935. Thomas Johnson was living with appellees on the date of the deed (his wife having died on April 13, 1932) and continued to live with them until his death on December 22, 1935, just eight days before the purported deed was filed for record, although the deed, if genuine, entitled appellant to possession of the land from the date of its execution, December 4, 1933, more than two years before it was offered for record. No evidence appears in the record to disclose the existence of the deed during that time. Why was it kept so close a secret, if it was in fact genuine. Much proof was offered to show that Thomas Johnson promiscuously stated to his neighbors, white and black, during that time and while he was living with appellees, that he had given the land to Elvira Perkins, and she and her husband were seen constantly on the property repairing the improvements, working the land, and exercising acts of ownership over same. The parties are all negroes. The deed from Thomas Johnson to Oscar Johnson was signed by Thomas Johnson's mark, and was not witnessed.

Other assignments are presented, all of them have been considered, and none of them are believed to show reversible error, and are overruled.

The judgment is affirmed.