## MALTBY v. RICHMOND, F. & P. R. CO.
### No. 195.

Municipal Court of Appeals for the District of Columbia.

July 18, 1944.

Fred A. Maltby, of Washington, D. C., pro se.

R. Aubrey Bogley, of Washington, D. C. (McKenney, Flannery & Craighill and John R. Wall, all of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellant sued the railroad company for damages, charging that its negligent and unlawful acts had deprived him of the use of his home adjacent to the railroad right of way. The property was situated in Virginia and the acts charged were committed in that state. The trial court dismissed the action, holding that it was local and not transitory. The appeal asserts error in this ruling; also in the failure to authorize an amendment of the complaint.

The averments of the complaint were substantially these:

1. That the defendant employs coal burning engines motivated by steam, causing unnecessary noises and emitting a large volume of smoke, vapors, soot, live coals and cinders, and that this method of operation is unlawful.

2. That defendant negligently "permitted and/or failed to prevent the spread of dangerous fires on, over and across plaintiff's premises so occupied as his home, resulting in great inconvenience, annoyance and personal discomfort, and the loss of said dwelling or home by fire on the Fifth day of April, 1943."

3. That defendant permitted open gondola cars to stand at or near plaintiff's home, which cars contained garbage and other deleterious matter constituting a menace to plaintiff's health and comfort.

4. That in great fear of bodily harm and injury, and to avoid the same, plaintiff was compelled to abandon his home and live elsewhere, and has been deprived of its use and enjoyment.

His bill of particulars claims $3,000 for the wrongful and unlawful operation of locomotives and cars resulting in "the disturbance of plaintiff's peace, quiet and comfort, and finally the loss of his home."

■ Concededly a suit for damage to real estate,[1] such as the negligent destruction of a building by fire, or injury to property caused by maintenance of a nuisance,[2] is a local action. Plaintiff seeks to avoid the application of this rule by claiming that he did not seek damages for property injuries, but only for personal discomfort and the loss of use of his home.

Although plaintiff failed to state the nature of his ownership of the property it was described as "plaintiff's premises so occupied as his home," and he alleges "that he was lawfully possessed of and occupied certain premises, to wit, a dwelling house."

■■ These averments go beyond an allegation of mere possession without interest or ownership.[3] We think the gravamen of his action, judged by the averments of his complaint, was for injury and nuisance to real estate [4] and as such it was maintainable only in the Virginia courts. There-

[1] Columbia National Sand Dredging Co. v. Morton, 28 App.D.C. 288, 7 L.R.A., N.S., 114, 8 Ann.Cas. 511; 67 C.J. 57.

[2] 67 C.J. 61.

[3] United States v. Arredondo, 6 Pet. 691, 743, 8 L.Ed. 547: "This gives to the words 'in possession of the lands,' their well-settled and fixed meaning; possession does not imply occupation or residence; had it been so intended, we must presume they would have been used." See, also, Nevin v. Louisville Trust Co., 258 Ky. 187, 79 S.W.2d 688.

[4] Ellenwood v. Marietta Chair Co., 158 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913; Columbia National Sand Dredging Co. v. Morton, supra; Irrigation Land & Improvement Co. v. Hitchcock, 28 App.D. C. 587; Van Ommen v. Hogeman, 100 N.J.L. 224, 126 A. 468.

fore the trial court properly sustained the motion to dismiss.

However, the record shows that plaintiff, at the argument of the motion, asked leave to amend if the court should be of the opinion that the damages claimed were for injuries to his property and not to his person. The case was taken under advisement, briefs filed, and thereafter the order of dismissal was entered. It may have been possible to so redraft the complaint that the action if limited to personal injuries could be maintained in this jurisdiction. Acts which constitute a trespass or nuisance to real property may result in injury to person or personal property, furnishing grounds for a transitory action.[5]

The judgment will be modified to give leave to amend,[6] and as so modified will be affirmed.

Affirmed and modified.

---

[5] Stone v. United States, 167 U.S. 178, 17 S.Ct. 778, 42 L.Ed. 127; McFadden Thompson-Starrett Co., 116 App.Div. 285, 101 N.Y.S. 467, affirmed 192 N.Y. 550, 85 N.E. 1112.

[6] Lewis v. Lilliston, 67 App.D.C. 103, 89 F.2d 847.