**DAVIS et ux. v. DOUGLAS. (No. 1126—5062.)**

Commission of Appeals of Texas, Section A.
March 27, 1929.

W. W. Cruse, of Beaumont, for plaintiffs in error.

Gordon, Lawhon, Davidson & Sharfstein, of Beaumont, for defendant in error.

HARVEY, P. J. Action of trespass to try title brought by Annie Douglas, the defendant in error, against Monk Davis, and his wife, Josephine Davis, the plaintiffs in error, to recover lot No. 7 in block No. 4 of the First addition to the North addition to the city of Beaumont. Millie Profit, deceased, is the common source of title. The defendant in error claims title as residuary devisee under the will of Millie Profit, deceased; the plaintiff in error, Josephine Davis, claims title, first, under a parol gift from Millie to Josephine during the lifetime of Millie, and, second, under Millie's will executed on October 30, 1924, and which has been duly probated. Upon trial with jury, on special issues, judgment was rendered by the trial court in favor of the plaintiffs in error for the lot. On appeal, the Court of Civil Appeals reversed that judgment and rendered judgment for the defendant in error. 300 S. W. 203.

The defendant in error, according to the proof, is entitled to recover the lot sued for, unless Josephine holds title under the parol gift or Millie's will, as claimed. The pertinent facts with respect to the parol gift are as follows:

On October 17, 1924, Millie, who was an old, feeble, and nearly blind negro woman, was the owner of the lot in controversy. Her husband was dead. There was a dwelling house and other improvements on the lot. Upon the trial the jury found in answer to special issues, the following facts: (1) That on the date above mentioned Millie verbally gave to Josephine the lot in question, and surrendered to her the possession and control of said property; (2) that the rental value of the premises was $12 per month; (3) that prior to Millie's death, Josephine, in good faith and in reliance on said gift, made permanent and valuable improvements of the value of $30 upon the lot in controversy. There also was evidence in support of the following facts:

That Josephine and her husband, Monk, moved into the dwelling house on October 24, 1924, and continued to reside upon the lot and exercise control over it until the trial of this case in the court below; that a few days after they moved on the premises, Josephine and Monk took Millie to live in the house with them, Millie's household effects being in the house at the time of the gift; Millie thereafter continued to dwell with Josephine and Monk until she (Millie) died in March, 1925; that prior to Millie's death, Monk repaired the garden fence on the place, cleaned out the well, placed some new blocks under the gallery of the dwelling house, and paid a helper in such work the sum of $2.50; that all this was done in reliance on the gift and with the knowledge and consent of Millie; that the value of the lot and improvements thereon, at the time of the alleged gift, was $800.

The first question to be considered is whether or not such an executed parol gift, as is enforceable in equity, is shown by the above facts, which are taken as established by the verdict of the jury and the judgment of the trial court. It is well settled that, notwithstanding the requirements of the statute of frauds, a parol gift of real estate will be enforced in equity upon establishment of the fact of (1) a present gift; (2) possession under the gift, taken and held by the donee with the consent of the donor; and (3) permanent and valuable improvements made on the premises by the donee, in reliance upon the gift, with the consent or knowledge of the donor. Willis v. Matthews, 46 Tex. 478; Wooldridge v. Hancock, 70 Tex. 18, 6 S. W. 818; Wootters v. Hale, 83 Tex. 563, 19 S. W. 134. See, also, Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216. The fact that Millie made the parol gift in question is established by the verdict of the jury upon evidence to that effect contained in the record. The possession shown to have been taken and held under the gift, is such, it is thought, as to meet the second requirement of the above rule, notwithstanding the fact that Millie lived on the premises with Josephine and Monk. The only question, therefore, which need be discussed is whether or not the above-described improvements, of the value of $30, were of such character and value as to complete the equitable right of Josephine to enforce the gift. To have this effect, the improvements are required to be of a permanent nature, and of such value, in comparison with the nature and value of the property upon which the improvements are made, as to enhance the value of such property to a substantial degree. Improvements of an insignificant value will not avail. Wells v. Davis, 77 Tex. 637, 14 S. W. 237; Bradley v. Owsley, 74 Tex. 69, 11 S. W. 1052; Ann Berta Lodge v. Leverton, 42 Tex. 18; Eason v. Eason, 61 Tex. 225; Wooldridge v. Hancock,

70 Tex. 18, 6 S. W. 818; Cobb v. Johnson, 101 Tex. 440, 108 S. W. 811.

The Supreme Court has indicated to us in conference that, in view of the finding of the jury that the improvements shown to have been made by Monk were permanent in nature, and were of the value of $30, it cannot be said, as a matter of law, that said improvements were of such nature and value as to require a court of equity to disregard them in determining whether or not the parol gift should be enforced. We accordingly so hold.

■ This brings us to a consideration of Josephine's claim of title to the lot in controversy under devise from Millie. Josephine was formerly the wife of John Thomas, a son of Millie, who died prior to the alleged gift. The claim of Josephine to the lot in controversy under Millie's will is based on the fourth paragraph of the will which reads as follows: "I give and bequeath to Josephine Thomas, wife of my deceased son, John Thomas, lot seventeen (17) in Block four (4) of North Addition." Millie did not own the lot described in this paragraph of the will.

Upon the trial the following special issue was submitted to the jury over the objection of the defendant in error: "Question One: Considering all the facts and circumstances in evidence before you, did Millie Profit in the 4th paragraph of her will of October 30, 1924, intend to bequeath to Josephine Davis lot 7 in Block 4 of the First Addition to the North Addition to the City of Beaumont?"

The jury answered this issue in the affirmative. The record contains no evidence, except parol testimony, to support the affirmative of this issue; and this was the basis of the objection urged by the defendant in error to the submission of such issue. This parol testimony was admitted in evidence over proper objection of the defendant in error.

The language of the above clause of the will clearly and definitely identifies the subject-matter of the devise as being lot 17 in block 4 of North addition, which is a different lot from the one in suit. No other part of the will casts ambiguity or uncertainty upon this language of the will. The intention of the testatrix to devise the particular lot named in this clause of the will being expressed in clear and unambiguous language, parol evidence cannot furnish a basis for a jury finding that a different lot was intended to be devised. Hunt v. White, 24 Tex. 643.

The submission of the above special issue to the jury was error, and, since the judgment of the trial court in favor of the plaintiffs in error is a general one, we cannot say that it is not founded in whole or in part upon the verdict of the jury on this special issue. The case must therefore be reversed because of this error.

We recommend that the judgment rendered in favor of the defendant in error by the Court of Civil Appeals be reversed and that the judgment of the trial court be reversed, and the cause remanded.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.