**LEHMAN et al. v. BARRY.**

No. 2071.

Court of Civil Appeals of Texas. Waco.

March 2, 1939.

Rehearing Denied March 30, 1939.

E. M. Dodson and Bartlett, Carter & Rice, all of Marlin, for appellants.

P. G. Grogan, of Conroe, H. D. Grogan, of Liberty, and Cecil R. Glass, of Marlin, for appellee.

ALEXANDER, Justice.

This suit was brought by G. W. Lehman, Jr., and J. W. Robertson, as administrators of the estate of G. W. Lehman, deceased, against Mrs. D. V. Barry in trespass to try title to recover the title and possession of a house and lot in Rosebud, Texas. Mrs. Barry claimed the property under an alleged parol gift from G. W. Lehman, followed by the making of valuable improvements in good faith. Judgment was for the defendant and plaintiffs appealed.

Appellants contend that the evidence does not show such possession and valuable improvements by Mrs. Barry as to authorize her to hold title to the property under a parol gift. Mrs. Barry was a sister of G. W. Lehman's deceased wife. During the lifetime of Mrs. Lehman and long before her death in 1932, Mrs. Barry and her four minor children moved to the home of G. W. Lehman and his wife and continued to live there until Lehman died in 1935. Mrs. Lehman was ill for a number of months, during which time Mrs. Barry ran the home and helped take care of her. After Mrs. Lehman's death, Mrs. Barry began to discuss the matter of finding a new home. Thereupon, about May 1, 1932, Mr. Lehman, according to the testimony of one of Mrs. Barry's daughters, told Mrs. Barry in substance that he wanted her to continue to live in the home and help take care of him and that the house was hers. Four disinterested witnesses testified to later conversations with Mr. Lehman in which he told each of them that he had given the house and lot to Mrs. Barry. One of them quoted him as saying that he had given the property to Mrs. Barry at the request of his deceased wife. While Mrs. Barry lived with Lehman after the death of his wife, she ran the home and Lehman paid the bills. Appellants introduced evidence to prove that Lehman continued to render said property for taxes in his own name and to pay the taxes thereon and to insure it against loss by fire with loss payable to him. On one occasion he mortgaged some other property and designated the house and lot in question as his homestead. After Lehman's death, Mrs. Barry presented a bill to the administrator for her services in nursing Lehman during his last illness. In

500

passing on the sufficiency of the evidence to support the verdict of the jury, we must view the testimony in the light most favorable to the verdict, and if, when so viewed as a whole, it is consistent with and supports the findings so made, we are not at liberty to reject the verdict. The evidence, we think, was ample to sustain the jury's finding that Mr. Lehman had given the property in controversy to Mrs. Barry.

With reference to the improvements, one of Mrs. Barry's daughters testified that she gave Mrs. Barry $45 to buy paint which was used in painting the house. She also testified that her mother had several of the rooms in the house papered and the floors refinished. T. J. Hickerson, a carpenter, testified to improvements which were made by him after May 1, 1932, and before the death of Lehman on the buildings on the premises at Mrs. Barry's request and which were paid for by her. He undertook to estimate the value of these improvements. Among other things, he testified that he repaired the servant's house at a cost of $20; repaired back steps and tore away a small back gallery and built a new one at a cost of $25; erected a new chicken proof fence around the back lot, rebuilt five cow stalls at the barn and repaired the barn door at a cost of $35; repaired a back porch 45 feet long and 12 feet wide by putting in new planks where needed at a cost of $35; leveled the house and placed new blocks under it at a cost of $25; refinished and painted some floors at a cost of $15. The jury found that after Lehman had given the property to Mrs. Barry, about May 1, 1932, she took possession and control of it with the knowledge and consent of Mr. Lehman and made the repairs substantially as testified to by Mr. Hickerson, which they found to be of a permanent and valuable nature in the total sum of $117, and that said improvements were made in good faith in reliance on the gift from Lehman. There was evidence to support such finding. The testimony showed that the property was worth approximately $1,500. In order to sustain a parol gift, it is necessary that possession be taken and held by the donee with the consent of the donor and that permanent and valuable improvements be made on the premises by the donee in reliance on the gift with the knowledge and consent of the donor. 21 Tex.Jur. 36; Davis v. Douglas, Tex.Com. App., 15 S.W.2d 232. The parties concede that it is not necessary that the possession held by the donee should be exclusive as to the donor. 21 Tex.Jur. 37. The improvements made by Mrs. Barry, as testified to by Hickerson and as found by the jury, were permanent in their nature and when such improvements are considered in connection with the value of the property as a whole, they were valuable within the rule above mentioned. Davis v. Douglas, Tex. Com.App., 15 S.W.2d 232; Patterson v. Patterson, Tex.Civ.App., 27 S.W. 837. These assignments are therefore overruled.

Appellants complain of the failure of the court to submit to the jury certain special requested issues. Two of these issues inquired in substance whether, during the negotiations in question, Lehman made certain statements to Mrs. Barry. What the parties said to each other was merely evidentiary. The agreement finally concluded by them was the ultimate issue. The court therefore did not err in refusing these issues. The other requested issues do not appear to have been raised by the evidence.

We have carefully considered all other assignments and have reached the conclusion that they do not present reversible error.

The judgment of the trial court is affirmed.