### WILEY et al. v. POWELL et al.

### No. 5967.

Court of Civil Appeals of Texas. Texarkana.

July 9, 1942.

Rehearing Denied July 30, 1942.

Lincoln & Harris, of Texarkana, for appellants.

S. I. Cornett and Bartlett & Patman, all of Linden, for appellees.

HALL, Justice.

This is an action for title and possession of a tract of land containing 128.32 acres in Cass County, instituted by Mrs. Larue Wiley and husband, A. T. Wiley, appellants, against Mrs. Madge Powell, Pansy Ruth McCutchan and husband, R. L. McCutchan, appellees. Appellants pleaded, first, trespass to try title, following which they averred that on or about July 1, 1934, appellee Mrs. Powell "made a parol gift of said land to the plaintiff (appellant) Mrs. Wiley; that immediately thereafter and upon the faith of said gift, the plaintiffs went into possession of said land and premises and made valuable and permanent improvements thereon, with the knowledge and consent of the said Mrs. Madge Powell." In the alternative, appellants pleaded a parol conveyance of said land based upon a valuable consideration with possession, use and enjoyment in them and the mak-

ing by them of valuable and permanent improvements. Appellants alleged further that on or about June 20, 1940, Mrs. Powell "attempted to repudiate said transaction (parol gift or sale of said land) and executed, and delivered to appellee Pansy Ruth Cowgill (now Pansy Ruth McCutchan) a deed of general warranty" conveying said land, and under which Pansy Ruth McCutchan now claims the title thereto. Appellants also allege that Pansy Ruth McCutchan is not an innocent purchaser for value. Appellants pray for title and possession of said land and removal of cloud cast by the deed to Pansy Ruth McCutchan.

Appellees answered with general denial and that appellee Pansy Ruth McCutchan was an innocent purchaser of said land for value. Pleading further, appellees aver that they paid all taxes on said land; that appellants have failed to pay any taxes on same; that appellants are estopped from claiming title to said land by having attorned to appellees; and that appellants' claim to said land comes within the statute of frauds and is barred thereby. Trial was to a jury on special issues. Appellants made two motions for judgment, one based upon the verdict of the jury, and the other is disregard of the jury's answer to certain of the special issues, both of which were overruled. Judgment was entered for appellees.

Appellants' first two points assert that the trial court erred in not rendering judgment for them based upon the verdict of the jury.

Appellant Mrs. Wiley is a niece of appellee Mrs. Powell and a first cousin of appellee Mrs. McCutchan. Mrs. Wiley lived a great deal of her girlhood days in the home of Mrs. Powell and her late husband, John Powell, and during the last illness of John Powell, Mrs. Wiley remained almost constantly with him, nursing him and assisting Mrs. Powell until his death in January, 1934. In the spring of 1934, some two or three months after the death of John Powell, at the invitation of Mrs. Powell, appellants went to live with her in what is known as her brick residence a few miles west of Atlanta on the paved Linden-Atlanta highway. The land here in controversy, known as the Dr. Sloan place, was the old home of Mrs. Powell who is a daughter of Dr. Sloan, and is located on the old Linden-Atlanta road.

The facts are that during the summer of 1934, Mrs. Powell, either by deed or parol, gave the 128 acres to appellant Larue Wiley and permitted her and her husband, A. T. Wiley, to go into possession of same in January 1935, since which date the Wileys have used and occupied the land as their homestead. It is Mrs. Powell's contention, as shown by the record, that she executed a deed and delivered it to the president of Atlanta National Bank, conveying the land to Mrs. Wiley with the conditions recited therein that Mrs. Wiley was to "keep the taxes paid; keep the premises improved and not sell the timber during her lifetime." This deed was destroyed by Mrs. Powell, or the banker at her request, before this suit was filed. From January, 1935, until the fall of 1938, Mrs. Powell visited the Wileys frequently, at times spending several days with them. She also stored in the dwelling house and barn several articles of bedclothing and furniture. In the fall of 1938, ill feeling arose between Mrs. Powell and the Wileys, after which she visited them no more.

Under the pleadings of the parties as shown above, appellants' right to this land depends upon either a parol gift or a parol sale of land, and the appellees' right is grounded upon the doctrine of innocent purchaser for value under her deed from Mrs. Powell, estoppel of appellants by attornment to appellees, and the bar of the statute of frauds, Vernon's Ann.Civ.St. Art. 3995, with respect to appellants' claim. Appellees did not interpose a plea of not guilty. Based upon affirmative pleadings of appellants and the evidence introduced by them tending to establish their claim thereunder, the jury found: (1) That appellee Mrs. Powell made a parol gift of the land in controversy to appellant Mrs. Wiley; (2) that appellants Mrs. Wiley and husband made permanent and valuable improvements on said land after they went into possession of same; (3) that the value of said improvements was $500; (4) that Mrs. Powell knew said improvements were being made; and (5) that appellants Mrs. Wiley and husband relied upon the parol gift of the land to them by appellee Mrs. Powell in making said improvements. These findings of the jury are supported by the evidence, and with the single fact issue of possession lacking, are sufficient to establish a parol gift of the land in question by appellee Mrs. Powell to

appellant Mrs. Wiley. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Davis v. Douglas, Tex.Com.App., 15 S.W.2d 232, and authorities there cited; Johnson v. Perkins, Tex.Civ.App., 140 S.W.2d 282, writ dismissed.

It remains for us to note the character of appellants' possession. Special issue No. 2 submitted by the court to the jury is: "Do you find from a preponderance of the evidence that Mrs. Larue Wiley and husband went into exclusive possession of said land after such gift, if you have found that such gift was made?" To this issue the jury answered: "No." It will not be questioned, we assume, in the light of this record, that appellants went into actual, visible possession of the land with the approval and consent of appellee Mrs. Powell and have remained upon and used said premises as their home from about January 1, 1935, until now. They have also made permanent and valuable improvements upon said land, as found by the jury, in an amount equal to almost half the value of the premises as shown by the evidence, and almost half the amount of the consideration ($1,280) recited in the deed from Mrs. Powell to Pansy Ruth McCutchan. It is not established by the evidence, neither is the contention made, that appellee Mrs. Powell made her home with the Wileys on this tract of land. At most it may be said that Mrs. Powell visited the Wileys frequently until the ill feeling arose between them in the fall of 1938. In our opinion, the character of possession shown by the undisputed evidence in this record is such as meets the requirements of the law in respect to parol gift of land. Davis v. Douglas, supra; Patterson v. Patterson, Tex.Civ.App., 27 S.W. 837, writ refused; Lehman v. Barry, Tex. Civ.App., 126 S.W.2d 499; Johnson v. Perkins, supra; 21 Tex.Jur. 37. No jury finding was necessary to establish this undisputed fact. Kirby v. American State Bank of Amarillo, Tex.Com.App., 18 S.W.2d 599, 63 A.L.R. 1528; Foster v. Woodward, Tex.Civ.App., 134 S.W.2d 417, writ refused; Rules of Civil Procedure, rule 272. Such possession, then, taken together with the findings of the jury noted above, effectively removed this case from the bar of the statute of frauds. Franzetti v. Franzetti, Tex.Civ.App., 124 S.W.2d 195, writ refused, and authorities there cited. These points are sustained.

But it is contended by appellees that the judgment entered by the trial court finds support in the answers of the jury to special issues Nos. 11 and 12 and their requested special issues Nos. 2 and 4. The jury found in answer to these special issues: No. 11, that at the time appellee Mrs. Powell placed appellants in possession of the land, she told them she had made a deed to the place to appellant Mrs. Wiley upon the condition that "they keep the taxes paid, keep the premises improved, and not sell the timber during her lifetime"; No. 12, that the appellants, the Wileys, failed to keep the premises improved after they went into possession thereof; appellants' requested issue No. 2, that appellant Larue Wiley went into possession of the land in controversy in contemplation of a deed to be executed and delivered; and appellees' requested issue No. 4, that appellant Mrs. Wiley and appellee Mrs. Powell on or about the year 1938 agreed to rescind the parol gift of the land and thereafter appellant Mrs. Wiley attorned to appellee Mrs. Powell. The first three of these special issues, that is, 11, 12 and appellees' requested issue No. 2, find no support in the pleadings. There was evidence introduced by appellees which had direct reference to said issues, but it is necessary that a special issue find support in both pleading and evidence. Brewton v. Butler, Tex.Civ.App., 12 S.W.2d 228; Long v. McCoy, Tex.Civ.App., 294 S.W. 633, affirmed by Tex.Com.App. 15 S.W.2d 234; R.S. Articles 2189, 2190, Vernon's Ann.Civ. St. Arts. 2189, 2190; Rules of Civil Procedure Nos. 67, 277, and 279; Speer's Law of Special Issues, Sec. 179, p. 237. Appellees' requested issue No. 4 finds support in both pleading and evidence, but it is evidentiary in character and relates solely to the ultimate issue, namely, the parol gift of the land in controversy, hence is not the subject of a special issue. Shuffield v. Taylor, 125 Tex. 601, 83 S.W.2d 955; Wright v. State, Tex.Civ.App., 80 S.W.2d 1015, writ dismissed.

Appellee Pansy Ruth McCutchan averred that she was an innocent purchaser of the land for value, but her testimony is that she knew of appellants' claim thereto. But, aside from her knowledge of appellants' claim to the land, we think the doctrine of innocent purchaser is unavailable to her as against appellants who were in possession of the land at the time

she purchased. Appellants' possession of the land was notice to Pansy Ruth McCutchan of all rights thereto claimed by them. Cardwell v. Shifflet, Tex.Com.App., 294 S.W. 519; Still v. Bennett, Tex.Civ.App., 71 S.W.2d 608. And Mrs. McCutchan was charged with all claims asserted by appellants which a proper inquiry would have disclosed. Hexter v. Pratt, Tex.Com.App., 10 S.W.2d 692.

We have concluded, therefore, that the ultimate fact issues found by the jury together with the undisputed evidence of appellants' possession warranted a judgment for appellants for title and possession of the land in controversy.

The judgment of the trial court is reversed and judgment is here rendered for appellants.