## NICHOLS v. NICHOLS.

### No. 4240.

Court of Civil Appeals of Texas. El Paso.

Sept. 17, 1942.

Rehearing Denied Nov. 19, 1942.

F. C. Knollenberg and Theodore Andress, both of El Paso (John F. Hawley, of El Paso, on the brief), for appellant.

Cunningham, Ward & Cunningham, of El Paso, for appellee.

McGILL, Commissioner.

This is an appeal from a judgment of the District Court of El Paso County, Sixty-fifth Judicial District. Appellee, Mattie Nichols, was plaintiff in the trial court and appellant, C. E. Nichols, was defendant. The parties will be designated here as there.

The action was in the statutory form of trespass to try title to Lot 51 and the West 15 feet of Lot 50, in Block 39, of Altura Park Addition to the City of El Paso. Plaintiff also specially pleaded that the property had been acquired through a trade of a ten-acre tract of land located near the town of San Benito, Texas, which was the community property of plaintiff and her deceased husband, V. T. Nichols; that in order to clear this 10-acre tract so that the trade could be consummated, she and her deceased husband had conveyed to defendant, who was the son of her deceased husband by a former marriage, a 24-acre tract of land south of the town of San Benito, which was the homestead of her and her deceased husband, for the purpose of borrowing $600 with which to clear the 10-acre tract; that this conveyance was without consideration; that the title to the El Paso property was taken in the name of defendant for the use and benefit of her and her deceased husband, V. T. Nichols. She also alleged that on December 13, 1930, she had married the defendant in good faith, and had lived on the El Paso property before and since such marriage and her earnings had been applied to payment of an indebtedness of $1,200, for which defendant had executed a deed of trust against the property; that such marriage was annulled on July 16, 1940; that in January, 1937, defendant left El Paso and at that time agreed with her that he would take the 24-acre tract near San Benito and

she should take the El Paso property for her own use and benefit; that, relying on such parol sale or gift, she went into possession of such property and made substantial permanent improvements thereon. She prayed for title and possession and in the alternative that she be awarded a division of community property, or that a lien be fixed upon said property and any property which defendant owned, to protect her in the future. Defendant answered by various special exceptions, special denials, plea of not guilty, and specially pleaded the statute of frauds, Art. 3995, R.C.S. In response to special issues submitted the jury found in substance: (1) That in January, 1937, defendant made a gift of the property to plaintiff with the intention that it should be her separate property from then on; (2) plaintiff kept possession of said premises from then on and claimed same as her separate property, and not as tenant or permittee of defendant; (3) that, relying on such gift, she made valuable and substantial improvements to the premises from her own funds, other than the rents collected from the premises; (4) that such improvements were of substantial character and enhanced the value of the property; also that, in reliance on said gift, she made payments for taxes or upon the lien on the premises from her own separate funds other than the rents collected from the premises. Defendant's motions for an instructed verdict and for judgment non obstante veredicto were overruled by the court and judgment rendered on the verdict awarding plaintiff title and possession of the property. Defendant has perfected his appeal by affidavit in lieu of bond.

The controlling question presented by this appeal is whether the evidence was sufficient to support the jury's finding. It is not contended—nor can it properly be contended—that the special issues did not present the question of a parol gift, possession and substantial improvements in reliance thereon, as favorably for defendant as the law requires. In fact, they placed a burden on plaintiff which was not required of her. It was not necessary that she should show payment for taxes or on the lien against the property from her separate funds, or that the improvements were paid from her separate funds other than the rents collected from the property in question. All she was required to show was (1) a present gift to her by defendant; (2) possession under the gift, taken and held by her with the consent of the defendant; and (3) permanent and valuable improvements made on the premises by her, in reliance upon the gift, with the consent or knowledge of the defendant. Davis v. Douglas, Tex.Com.App., 15 S.W. 2d 232; 21 Tex.Jur. p. 36, § 16, and cases cited.

Since Wells v. Davis, 77 Tex. 637, 14 S.W. 237, and Davis v. Douglas, supra, it can no longer be said that the fact that the rental value of the property, the subject of the gift, equals or exceeds the value of the improvements or that the value of improvements does not bear a reasonable proportion to the value of the land, is controlling. The settled rule is that the improvements must be substantial, but there is no fixed criterion or minimum value as a matter of law. 21 Tex.Jur. p. 40, § 18, footnote 3.

We must view the testimony in the light most favorable to the verdict. Lehman v. Barry, Tex.Civ.App., 126 S.W. 2d 499, writ dismissed. When so viewed, we think the evidence was ample to support the material findings of the jury. It would serve no useful purpose to detail it all in full. Suffice it to say that on the issue of a present gift of the property in question in January, 1937, plaintiff testified that there was such a gift to her by defendant; that she and defendant talked about their marriage not being lawful and that he said he would take the 24-acre tract and that she should take the El Paso property and that if she would "pay it out * * *, principal, interest, insurance and taxes, you and the children can have that and I will take the 24 acres down there, there is no use in our trying to live together." The substance of this conversation was corroborated by the testimony of Mrs. E. B. Wiggins, plaintiff's daughter, who testified that she and her husband lived with defendant near San Benito in 1937 after he returned from El Paso and that on one occasion she had heard him tell of the above conversation with plaintiff. Defendant denied this conversation. He was an interested party, as was plaintiff.

On the issues of possession and improvements the evidence is uncontroverted that plaintiff came to El Paso with defendant and her five children in June, 1927, and occupied the premises with her family from that time until time of the trial. Defendant made his home with her from

the time she first occupied the property until January, 1937, except for short periods in 1929 and 1931 and from March, 1934, until March, 1935, during which year he lived in the Valley near San Benito. Plaintiff testified that he was also away from December, 1935, to October, 1936. There was located on the property an eight-room dwelling arranged in two four-room apartments and a small two-room brick house. The small house and the upper part of the eight-room house were rented most of the time and plaintiff and her family occupied the lower part of the eight-room house as their home. Until 1937, the rents were collected by both plaintiff and defendant; after January of that year she collected them. Plaintiff testified as to numerous improvements which she made after January, 1937. She said the reason she made them was because it was her homestead; that defendant told her she could have it, and she would not have spent one penny on it if he hadn't given it to her. Among the improvements listed by her and the cost thereof were:

A kitchen cabinet in large house, $15.00

Sink and plumbing in small house, $15.00

Roofs of both houses—large house $60, small house $70.00

Nine windows, $2.50 each

One doorway—down stairs between kitchen and living room, $19.00

A porch, two doors, glass door and screen, $50.00

Steps to porch, $15.00

Closet, $35.00

Calcimining and painting woodwork of small house $10.00

New automatic gas heater, $73.00

Soil for front yard, $15.00

Manure for same, $3.00

Soil for back yard, $5.00

Manure for same, $2.00

Eight trees (cost not given)

This evidence was ample to support the findings on both possession and improvements. Lehman v. Barry and Davis v. Douglas, supra.

The court did not err in overruling defendant's special exception to that portion of plaintiff's second amended original petition in which she alleged that the 10-acre tract was the community property of her and her deceased husband, V. T. Nichols, and that for many years prior to 1925 she with her husband and children had resided on said property and worked, and the fruits of their labors had gone into the accumulation of such property. The allegation that the property was community was, we think, unobjectionable under subdivision (b) of Rule 45 of the New Rules of Civil Procedure. Nowhere did plaintiff allege that the record title to the 10 acres was in defendant. This not appearing on the face of her pleadings, it could not be shown by special exception. King v. Murray, Tex.Civ.App., 135 S.W. 255, 257 (writ refused); Jarrell v. Mortgage Bond Co. of N. Y., Tex.Civ.App., 129 S. W.2d 379 (writ dismissed); 20 Tex.Jur. p. 350, sec. 132.

Nor was there error in the ruling of the court in admitting plaintiff's testimony in reference to the conveyance by her and her deceased husband of the 24-acre tract for the purpose of borrowing $600 to clear the 10-acre tract so that it could be traded for the El Paso property. Plaintiff sought equitable relief not only on the theory that the 10 acres was the community of her and her deceased husband and that therefore the El Paso property was held in trust by defendant for this community. She also prayed that a lien be fixed against the El Paso property to protect her interest. Her testimony was admissible for the purpose of establishing her rights in the $600 and whatever equitable rights she might have shown by reason of the contributions toward payment for the 10-acre tract made by her and her deceased husband for the purpose of fixing a lien on the El Paso property to protect such rights. It was also admissible to show her interest in the 24-acre tract; that she had an interest in this tract because of a resulting trust. This was important as bearing on her claim that when she and defendant separated in 1937, it was agreed that he should have her interest in the 24-acre tract. That a resulting trust will arise under such circumstances we think beyond question. 42 Tex.Jur. p. 636, § 35, same, p. 643, § 40. The testimony tended to show that the deed to the 24 acres was made without consideration and under circumstances showing no intention to make a gift.

There was no error in permitting plaintiff to testify concerning her living on and handling the property and rents and applying amounts earned by her for improvements and indebtedness against the property during the period from 1927 through 1936. This testimony was admissible for the purpose of establishing her

562

community rights as a putative wife in the property; nor can we agree with appellant that the admission of her testimony as to the amounts of the water bills she paid was error. It had a bearing on her rights as a putative wife as well as on expenditures for improvements. We would not feel justified in holding that the court abused his discretion in refusing to strike plaintiff's first and second amended petitions. Defendant did not allege surprise or ask for a continuance. The first amended original petition filed November 21st contained most of the allegations of the second amended petition filed on November 24th, the day of trial.

Finding no error, the judgment is affirmed.

This opinion directed to be written and is adopted by the Court.

WALTHALL, J., not participating.