Affirmed and Memorandum Opinion filed October 16, 2007








Affirmed and Memorandum Opinion filed October 16, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00787-CV

____________

 

ROBIN REINDL GREENE AND KAREN
REINDL KOCH,
Appellants

 

V.

 

ROSE CASTEEL GLASS, INDEPENDENT
ADMINISTRATOR OF THE ESTATE OF ALICIA MARCOS-DIAZ REINDL, Appellee

 



 

On Appeal from the Probate
Court No. 1

Harris County, Texas

Trial Court Cause No. 354431-401

 



 

M E M O R A N D U M   O P I N I O N

This appeal involves competing motions for summary judgment
concerning the ownership of a 1/3 interest in real property in Harris County. 
Concluding that the trial court did not err in granting the summary judgment
motion of appellee Rose Casteel Glass, Independent Administrator of the Estate
of Alicia Marcos-Diaz Reindl, and denying the partial summary judgment motion
of appellants Robin Reindl Greene and Karen Reindl Koch, we affirm.

 








Factual
and Procedural Background

The real property in dispute consists of six contiguous
tracts of land located at 314, 315, 316, 317, 318, and 320 Shelley Street,
Houston, Harris County, Texas.  In the 1930=s, undivided 1/3
interests in the real property were left to siblings Rudy J. Reindl, Charlotte
Reindl and Karl J. Reindl by their parents, Sofie[1]
and Joseph Reindl.  Greene and Koch are Rudy Reindl=s daughters and
the granddaughters of Sofie and Joseph (hereinafter ARudy=s daughters@).  

In September 1982, Rudy executed a hand-written document,
acknowledged by a notary public, reciting the following:  AI Rudy J. Reindl
give to my brother, Karl J. Reindl, my share of the Joseph Reindl estate.@  For convenience,
we will refer to this document as Athe writing.@  In June 1989,
Karl recorded the writing in the real property records of Harris County. 
Later, in March 1991, Charlotte conveyed her undivided 1/3 interest in the real
property to Karl by warranty deeds. 

In 2003, Karl died, having bequeathed his interest in the
real property to his wife, Alicia Marcos-Diaz Reindl.  In the probate
proceeding, Alicia filed a sworn inventory of Karl=s estate,
reflecting that Karl owned an undivided 2/3 interest in the real property.  The
inventory did not identify who owned the remaining 1/3 interest.  

Alicia Reindl died in November 2004 without a will, and
left no spouse, children, or parents to inherit her property.  Her remaining
heirs are her nieces and nephews.  Glass, the independent administrator of
Alicia=s estate, is one
of Alicia=s nieces (hereinafter Athe administrator@).  








In September 2005, Rudy=s daughters filed
an application for the probate of Rudy Reindl=s last will and
testament as a muniment of title to establish their 1/3 interest in the real
property.[2] 
Contemporaneously, they also filed an original petition for partition,
declaratory judgment, and accounting against the administrator.  In response,
the administrator answered with a general denial and asserted the affirmative
defenses of laches and limitations; she later counterclaimed for title to and
possession of the real property based on the writing, and alternatively pleaded
ownership by adverse possession. 

Rudy=s daughters filed a no-evidence and
traditional partial summary judgment motion, asserting that the writing was not
sufficient to convey Rudy=s 1/3 interest in the real property to
Karl, and that Karl and Alicia did not adversely possess the property.  Rudy=s daughters also
sought to have the real property sold and a receiver appointed to handle the
sale, and to recover their reasonable attorney=s fees.  In
response, the administrator argued that (1) Rudy=s daughters were
not entitled to a declaratory action to establish their ownership interest
because a trespass to try title action is the only accepted method of
determining title to land, citing Martin v. Amerman, 133 S.W.3d 262
(Tex. 2004); (2) the writing was sufficient to transfer Rudy=s 1/3 interest in
the real property to Karl under Texas Probate Code section 37B;[3]
and (3) a ten-year adverse possession period began when Karl recorded the
writing in 1989, and was thus established in 1999.

The administrator then moved for summary judgment on her
counterclaim, and asserted that her superior title to the real property arose
from the writing, which established Rudy=s gift of his
interest in Joseph Reindl=s estate.  Rudy=s daughters
responded that the writing was insufficient as either a gift deed or evidence
of a parol gift, and further asserted there was no adverse possession. 








On March 30, 2006, the trial court granted the
administrator=s motion for summary judgment.  During the hearing on
the motions for summary judgment, the trial court stated that it was granting
the administrator=s motion on the basis that the writing Aconstitutes a
valid gift of assignment of the parties= interest in the
Estate,@ but the written
order does not specify the grounds on which it was based.  After additional
procedural issues not relevant here were addressed, this appeal followed.

Issues
on Appeal

On appeal, Rudy=s daughters
contend the trial court erred in denying their motion for summary judgment and
granting the administrator=s motion for summary judgment because (1)
it did so on grounds not before the court; and (2) the writing is insufficient
to transfer title to real property.  We address these arguments as necessary to
resolve the appeal below.

I.        Standards
of Review

We review all summary judgments de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  We apply the
usual standards of review for traditional and no-evidence motions for summary
judgment.  See, e.g., Provident Life & Accident Ins. Co. v. Knott,
128 SW.3d 211, 215B16 (Tex. 2003) (standard of review of
traditional motion for summary judgment); King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 750B51 (Tex. 2003) (standard of review of
no-evidence motion for summary judgment).   

When a trial court=s order granting
summary judgment does not specify the ground or grounds relied on for its
ruling, summary judgment will be affirmed on appeal if any of the theories
advanced are meritorious.  See Carr v. Brasher, 776 S.W.2d 567, 569
(Tex. 1989).  When both parties move for partial summary judgment on the same
issues and the trial court grants one motion and denies the other, we review
the summary judgment evidence presented by both sides, determine all questions
presented, and render the judgment the trial court should have rendered.  Valence,
164 S.W.3d at 661. 








II.       The
Grounds Upon Which the Administrator=s Summary Judgment
Was Based

In this issue, Rudy=s daughters
contend the trial court erred because it granted the administrator=s motion for
summary judgment on a ground not raised in her motion.  A motion for summary
judgment must expressly present the grounds upon which it is made, and must
stand or fall on these grounds alone.  Johnson v. Brewer & Prichard,
P.C., 73 S.W.3d 193, 204 (Tex. 2002); McConnell v. Southside Indep. Sch.
Dist., 858 S.W.2d 337, 341 (Tex. 1993); see Tex. R. Civ. P. 166a(c) (AThe motion for
summary judgment shall state the specific grounds therefor.@). 

Here, Rudy=s daughters point to the trial court=s statements
during the hearing that it was denying the administrator=s trespass to try
title and adverse possession claims, but was granting the administrator=s motion for
summary judgment because it concluded Aas a matter of law@ that the writing Aconstitutes a
valid gift of an assignment of the parties= interest in the
Estate.@  However, the
written order granting summary judgment does not specify the grounds on which
it was based; therefore, it may be affirmed if any of the theories advanced
below are meritorious.  See Carr, 776 S.W.2d at 569; see also In re
J.J., 900 S.W.2d 353, 356 (Tex. App.CTexarkana 1995, no
writ) (written judgment controls over court=s oral
pronouncements); Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams,
875 S.W.2d 784, 787 (Tex. App.CHouston [1st Dist.] 1994, writ denied)
(same).[4] 


We overrule the first issue raised by Rudy=s daughters.

 








III.      The
Sufficiency of the Writing to Transfer Title to Real Estate

In their second issue, Rudy=s daughters
contend the writing is insufficient to transfer title to real property because
there are only two ways to make a gift of real estateCby deed or by
parol giftCand the writing does not satisfy the requirements for
either.  For the reasons stated below, we conclude that the writing is
effective as a parol gift of real estate and therefore the trial court=s grant of summary
judgment may be affirmed on that basis.[5]

A.      The Requirements
for a Parol Gift of Real Estate are Met

Generally, a conveyance of real property must be in
writing.  See Tex. Bus. &
Com. Code ' 26.01; Tex.
Prop. Code ' 5.021.  However, a gift of realty
can be made in two ways:  either by deed or by parol gift.  Troxel v. Bishop,
201 S.W.3d 290, 297 (Tex. App.CDallas 2006, no pet.).  To relieve a parol
gift of real estate from the requirement of a writing, one must show three
elements:  (1) a gift in praesenti, that is, a present gift; (2) possession
under the gift by the donee with the donor=s consent; and (3)
permanent and valuable improvements, made on the property by the donee with the
donor=s knowledge or
consent or, without improvements, the existence of such facts as would make it
a fraud upon the donee not to enforce the gift.  Dawson v. Tumlinson,
150 Tex. 451, 242 S.W.2d 191, 192B93 (1951); Thompson
v. Dart, 746 S.W.2d 821, 825 (Tex. App.CSan Antonio 1988,
no writ); Grimsley v. Grimsley, 632 S.W.2d 174, 178 (Tex. App.CCorpus Christi
1982, no writ).  To be a present gift, the donor must, at the time he makes it,
intend an immediate divestiture of the rights of ownership out of himself and a
consequent immediate vesting of such rights in the donee.  Thompson, 746
S.W.2d at 825.  The three elements which constitute a gift are (1) donative
intent, (2) delivery of the property, and (3) acceptance of the property.  Id. 
All dominion and control over the property must be released by the owner.  Id. 
The party claiming a parol gift has the burden of establishing these elements. 
Id.  








Rudy=s daughters contend that none of the
requirements for a parol gift have been met.  First, they contend that the writing
does not evidence Rudy=s intent to make a present gift of the
real property because the writing does not specifically identify the property
by words like Aproperty,@ Aland,@ or Ahouses.@  However,
undisputedly Rudy, Karl, and Charlotte Reindl each received a 1/3 interest in
the real property at issue.  The writing evidences Rudy=s present intent
to give Karl all of his Ashare of the Joseph Reindl estate,@ which would
necessarily have included the real property, on September 21, 1982, when it was
executed and notarized.  See Brown v. Moss, 265 S.W.2d 613, 617 (Tex.
Civ. App.CFort Worth, 1954, writ ref=d n.r.e.) (holding
deed containing insufficient property description was admissible to
substantiate claim of parol gift).  

Second, Rudy=s daughters
contend there was no evidence of delivery, acceptance, and possession of the
real property, because Rudy and Karl were tenants in common before 1982, and
the status quo did not change after the writing was executed.  However, Rudy=s daughters point
to no evidence in the record that Rudy also lived on the property, and we have
found none.  Nor is there any evidence that Rudy repudiated the gift or acted
in any way that was inconsistent with consent to Karl=s possession of
the real estate after 1982.  As discussed in greater detail below, the only
evidence in the record was that Karl and Alicia lived continuously on the
property and acted in a manner consistent with exclusive ownership.[6] 









Third, Rudy=s daughters assert there is no evidence
that permanent and valuable improvements were made to the real property, and
assert that no evidence supports the conclusion that not enforcing the alleged
gift would work a fraud on the estate.  Instead, they argue that it would work
a fraud on them to enforce the gift because they would be deprived of their
inheritance.  However, in support of her motion for summary judgment, the
administrator argued and averred in an affidavit that Karl and Alicia lived on
the property continuously from 1978 until their deaths, and that they leased
portions of the property to other individuals, collected all rents, performed
maintenance, and paid property taxes on the real property.  Angelica Casteel,
Alicia=s sister, attested
to similar facts.[7] 
The administrator further testified by affidavit that she only learned of Rudy=s daughters= claim to 1/3
interest in the real property on or about June 1, 2005, and as of February 14,
2006, had found no documents or other items among the effects of either Karl or
Alicia Reindl which reflected any ownership interest in the real property.








Although not evidence of permanent and valuable
improvements, this evidence supports the third requirement that, in the absence
of such evidence, there exist such facts as would make it a fraud upon the
estate not to enforce the gift.  As Rudy=s daughters
recognize, a parol gift of real estate is a creature of equity, and this
evidence demonstrates that Karl and Alicia lived on the real property and took
actions consistent with exclusive ownership of that property for over thirty
years, unchallenged by Karl.  It is also consistent with Rudy=s intent as
expressed in the writing.  Thus, contrary to Rudy=s daughters= arguments, we
conclude that, on these facts, failing to acknowledge Rudy=s gift to Karl
work a fraud on the estate.[8]

B.      No Genuine
Issues of Material Fact are Raised

In addition to challenging the evidence supporting the
requisites of a parol gift, Rudy=s daughters also
contend that they raised genuine issues of material fact precluding summary
judgment for the administrator.  They point to two specific items:  (1) the
inventory Alicia Reindl filed in the probate of Karl=s estate,
reflecting that Karl owned a 2/3 interest in the real property, rather than all
of it; and (2) the warranty deeds filed by Charlotte when she conveyed her 1/3
interest in the real property. 

We turn first to the inventory.  Although the inclusion or
exclusion from an inventory of certain property may be prima facie evidence
ownership of such property, it is not conclusive proof on that issue.  Tex. Prob. Code ' 261; Krueger
v. Williams, 163 Tex. 545, 359 S.W.2d 48, 50 (1962).  An order of the
probate court approving an inventory is not an adjudication of title.  McKinley
v. McKinley, 496 S.W.2d 540, 542 (Tex. 1973); Balaban v. Balaban,
712 S.W.2d 775, 779 (Tex. App.CHouston [1st Dist.] 1986, writ ref=d n.r.e.).  Here,
the inventory filed by Alicia does not indicate who is the owner of the other
1/3 interest in the estate; it merely affirms that Karl owned at least a 2/3
interest, which is undisputed.  It is unknown whether Alicia was aware of
either the writing or Charlotte=s warranty deeds transferring her interest
to Karl.  Moreover, there is no indication that title to any part of the
property was in question at the time of the inventory, and the court=s order approving
the inventory makes no express determination of title to the real property.  








Thus, even indulging all reasonable inferences in favor of
Rudy=s daughters,
Alicia=s inventory does
not raise a genuine issue of material fact that Karl did not own the 1/3
interest in dispute.  It does not identify who is or may be the owner, and at
most demonstrates that Alicia did not believe that Karl had obtained either
Rudy=s or Charlotte=s 1/3 interest. 
But, Alicia=s belief cannot nullify the legal effect of the parol
gift made by Rudy to Karl.  As discussed above, the parol gift is demonstrated
by the writing transferring Rudy=s share of his
father=s estate to Karl,
the evidence that Karl and Alicia lived on the real estate continuously until
their deaths and took actions consistent with exclusive ownership, unchallenged
by Rudy, and the administrator=s affidavit testimony that she found no
documents or other items reflecting that Rudy=s daughters have
any ownership interest in the real property.  On the facts and circumstances of
this case, therefore, we disagree that Alicia=s inventory raises
a genuine issue of material fact precluding summary judgment.

We reach the same conclusion concerning the different
methods Rudy and Charlotte used to transfer their 1/3 interests to Karl.  Rudy=s daughters assert
that Charlotte=s use of warranty deeds to convey her interest to Karl
indicates that AKarl Reindl understood the importance of
proper warranty deeds to effectuate transfer of real property, but choose [sic]
not to have his brother sign a corresponding set of deeds.@  We disagree with
this contention for several reasons.  As Rudy=s daughters
themselves make clear, a gift of real estate may be made one of two waysCby deed or by
parol gift.  See Troxel, 201 S.W.3d at 297.  Thus, in this case,
Charlotte=s conveyance of her interest by deeds does not
reasonably lead to the inference that Rudy knew that any other method was
necessarily ineffective.  See id. at 300 (affirming summary judgment in
appellee=s favor because
the evidence established both a gift of property by deed and by oral gift).  At
most, one might infer that Charlotte believed that employing warranty deeds was
an effective way to convey her interest, but Charlotte=s intent is not at
issue here.  








Further, Charlotte conveyed her interest to Karl in 1991, 
approximately nine years after Rudy executed the writing, and nearly two years
after Karl recorded the writing in the real property records of Harris County. 
There is no evidence to indicate that Karl believed that the writing, executed
and filed years earlier, was ineffective because Charlotte later conveyed her
interest by warranty deeds.  Indeed, the inference Rudy=s daughters
suggest would be reasonable only if there were evidence that Karl sought to
obtain warranty deeds from Rudy after Charlotte made her conveyance.  There
also is no evidence that Rudy knew that Charlotte also conveyed her interest in
the property to Karl.  Thus, we conclude that, on this record, the evidence
Rudy=s daughters point
to does not raise a genuine issue of material fact precluding summary judgment.

C.      Republic
National Bank of Dallas v. Stetson Does Not Apply

Finally, Rudy=s daughters claim
that the parol gift must fail because it lacks a sufficiently specific description
of the property conveyed, citing Republic National Bank of Dallas v. Stetson,
390 S.W.2d 257 (Tex. 1965).  In that case, the Texas Supreme Court stated the
general rule that Athe description in a written conveyance
must furnish within itself or by reference to some other existing writing, the
means or data by which the particular land conveyed can be identified.@  Id. at
262B63.  Concluding
that an alleged parol gift of undescribed land to Stetson was void, the Court
went on to state:  AWe can think of no reason that the
description of land which is the subject of a parol gift should not be governed
by the settled rule for written conveyances.  Indeed the dangers which the
statutes sought to guard against are greater in the case of oral conveyances.@  Id. at
263.  According to Rudy=s daughters, an interest in real estate,
vested for almost fifty years, cannot be transferred by Aa document which
does not even come close to including a description@ of the land
conveyed. 

However, we find Stetson distinguishable.  In that
case, Stetson never provided any description of the land purportedly orally
given to him; there were no pleadings or evidence to identify it, and it could
not be located by any improvements.  Id. at 262.  At the end of the
trial, no one knew or had any data from which the boundaries of the alleged
gift could be determined.  Id.  Indeed, even Stetson did not know the
boundaries of the land given.  Id. at 263.  In holding that the alleged
parol gift of land violated the statute of frauds, the Texas Supreme court
stated that its policy and reasoning against parol conveyances of land was to
avoid uncertain and unsettled land titles resting in parol, fraud and perjury. 
Id. at 262.  That problem is not present here.








Here, as evidenced by the writing and the other evidence
discussed above, Rudy made a parol gift of his interest in his father=s estate to Karl. 
There is no dispute that Rudy, Karl, and Charlotte each inherited an undivided
1/3 interest in the real property at issue from their father.  Nor is there any
dispute about the description, location or boundaries of this real property. 
Therefore, the Texas Supreme Court=s stated policy
and reasoning against parol conveyances of land do not pose a stumbling block
in this case; Stetson does not apply.  See id. at 262; see
also Galerie D=Tile, Inc. v. Shinn, 792 S.W.2d 792,
795 (Tex. App.CHouston [14th Dist.] 1990, no writ) (holding that,
when parties had full knowledge of real property to be conveyed by in-court
settlement agreement, the equities of the situation removed the case from the
operation of the statute of frauds).  

We overrule the second issue raised by Rudy=s daughters.

Conclusion

We overrule all of the issues of Rudy=s daughters and
affirm the trial court=s order granting the administrator=s motion for
summary judgment. 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed October 16, 2007.

Panel consists of
Chief Justice Hedges, Justice Fowler, and Senior Justice Edelman.*

 

 

 

*Senior Justice
Richard H. Edelman sitting by assignment.









[1]  Although Glass=s
brief refers to ASophie@ Reindl, her
last will and testament reflects that her name was spelled ASofie.@





[2]  The application reflects that Rudy Reindl died in
1997.





[3]  Section 37B provides in relevant part:  AA person entitled to receive property or an interest
in property from a decedent under a will, by inheritance, or as a beneficiary
under a life insurance contract, and who does not disclaim the property under
Section 37A of this code, may assign the property or interest in property to
any person.@  Tex. Prob.
Code ' 37B(a).





[4]  We note that the trial court=s oral pronouncement and the administrator=s motion for summary judgment both referenced a Agift@ of Rudy=s interest in the estate to Karl; therefore, we cannot
necessarily conclude that the motion for summary judgment was granted on
grounds not expressly presented in the motion.  Moreover, the administrator=s motion cited to Grimsley v. Grimsley, 632
S.W.2d 174 (Tex. App.CCorpus Christi, 1982, no writ), in which the court
recited the elements required to establish a parol gift of real estate, see
id. at 178, and Rudy=s daughters responded that, among other things, the
administrator failed to demonstrate that the writing constituted a parol gift
of real estate.  Therefore, Rudy=s
daughters= response reflects their understanding that the motion
was based on a theory that Rudy transferred his interest in the real estate to
Karl by the gift of his interest in their father=s estate.





[5]  Because of our disposition of this issue, we do not
address the other sub-issues and arguments raised in the parties= appellate briefs.





[6]  Even if Rudy and Karl were tenants in common, that
would not necessarily preclude the conclusion that a parol gift of the real
property was intended.  See, e.g,, Wilson v. Mitchell, 299 S.W.2d 406,
408 (Tex. Civ. App.CDallas 1957, no writ), overruled in part on other
grounds by Griffin v. H.L. Peterson Co., 427 S.W.2d 140 (Tex. Civ.
App.CDallas 1968, no writ) (stating that when other
conditions are met, joint occupancy will not defeat a parol gift); Scott v.
Cliett, 213 S.W.2d 562, 565 (Tex. Civ. App. GalvestonC1948, no writ) (noting that when a parol gift is
established, possession by the donee need not be exclusive); Davis v.
Douglas, 15 S.W.2d 232, 233 (Tex. Comm=n
App. 1929, holding approved) (stating that evidence was sufficient to support
possession by donee with consent of donor even though donor continued to live
on property).





[7]  Rudy=s daughters
assert that the affidavits are conclusory because they are not accompanied by
evidence of rents collected, who paid the taxes, or Awhat arrangement or understanding existed between Rudy
and Karl Reindl@ and they do not state the basis for their personal
knowledge.  However, the administrator=s
affidavit avers that she is the independent administrator for the estate of
Alicia Reindl and the successor independent executrix for the estate of Karl
Reindl, and that Alicia Reindl was her aunt.  Further, she avers that, after
Alicia Reindl=s death, she Areviewed
all documents and records located in her residence,@ and also Afound
no documents or other items among the effects of either Karl Reindl or Alicia
Reindl which reflect any ownership interest@ by
Rudy=s daughters in the real property.  In Angelica Casteel=s affidavit, she avers that she is Alicia Reindl=s sister and the sister-in-law of Karl Reindl, and
that she previously disclaimed her interest in Alicia=s estate.  She also avers that, following Alicia=s death, she and the administrator inspected the
contends of Alicia=s residence.  In addition, the affidavits are capable
of being contradicted.  See Trico Techs. Corp. v. Montiel, 949 S.W.2d
308, 310 (Tex. 1997) (summary judgment based on uncontroverted affidavit of
interested witness is proper if the evidence is clear, positive, direct,
otherwise credible, free from contradictions and inconsistencies, and could
have been readily controverted).  Had Rudy=s
daughters desired to do so, for example, they could have obtained information
from the county tax records to determine who paid the taxes on the property. 
Accordingly, we disagree that the affidavits are conclusory.  





[8]  We note that part of the relief sought by Rudy=s daughters was an accounting and a share of the rents
and profits collected over this approximately thirty-year period.