Marie SOLTNER, Individually and as Independent Executrix of the Estate of Joseph Soltner, Deceased, Appellant,

v.

Josephina FLORES, a feme sole, Appellee.

No. 5382.

Court of Civil Appeals of Texas.

El Paso.

May 11, 1960.

Rehearing Denied June 1, 1960.

Guinn & Guinn, El Paso, for appellant.

Richard C. White, El Paso, for appellee.

ABBOTT, Justice.

Appellee, plaintiff below, brought this suit laying claim to a parol gift of a life estate in certain real estate by the deceased husband of appellant, defendant below. The trial of the case was heard by a jury, and a judgment was given appellee.

Appellee, Josephina Flores, had been employed by Joseph Soltner, husband of appellant, for a period of about thirty-five years, at a very low salary. Joseph Soltner retired from business in the latter part of 1951, and died in December of 1955.

Appellee continued to work for Joseph Soltner until some time in 1954. The testimony indicates that Joseph Soltner purchased the property in question in 1949 and, at the time of purchase, appellee moved into the house and has continued to live there until the present time. No rent was paid by appellee, either before Joseph Soltner's death or after, although there is some testimony that there was an attempt to collect rent in April of 1957. Joseph Soltner, before his death, and his estate after, gave appellee a check each week for about $10. After the attempt on the part of the estate to collect rent, the weekly check was stopped by the estate, and appellee filed suit in May 1957 for title and possession of the property in question. In appellee's amended petition, she claimed a life estate in the property as a parol gift from the deceased, Joseph Soltner. The jury, in answer to the submitted special issues, found: (1) A parol gift of a life estate to appellee; (2) Delivery by Joseph Soltner of the property at the time of the gift to appellee; (3) Acceptance of the parol gift and possession in reliance upon said gift by appellee; (4) Substantial valuable improvements made by appellee upon the property in reliance upon the gift, with knowledge of the donor; and, (5) To not enforce the gift would be a fraud upon appellee. From the resulting judgment, appellant brought four points of error which can be discussed in two parts. First, that there was no evidence, or insufficient evidence, to support the judgment. Second, that the court wrongfully admitted into evidence hearsay testimony that allowed plaintiff to testify on material issues dealing in matters concerning the deceased, in violation of the "Dead Man's Statute", and allowed appellee's counsel to argue these matters to the jury.

■ The record in this case is quite lengthy, with testimony from both appellee and appellant's witnesses. In a careful search of the record, we find that the elements necessary to constitute a parol gift of this nature were all testified to. There is no question but that Joseph Soltner had the legal right to make such a gift. 23 Tex.Jur. 152, sec. 122. The testimony indicated to the jury's satisfaction that such a gift was made and that appellee went into immediate possession, with Soltner's knowledge, and continued in such possession until the present time. All that appellee was required to show was, (1), a present gift by Soltner; (2), possession under the gift, taken and held by her with the consent of the donor; and, (3), permanent and valuable improvements made by her upon the property in reliance upon the gift with knowledge and consent of the donor. Nichols v. Nichols, Tex.Civ. App., 170 S.W.2d 558; Davis v. Douglas, Tex.Com.App., 15 S.W.2d 232.

■ There was no burden upon appellee to show payment of taxes, as suggested by appellant. There was a great deal of testimony as to who paid for the improvements, and the jury found appellee had made valuable improvements from her own funds. We believe the jury had sufficient evidence to support its findings, and therefore we overrule appellant's Points of Error One and Two.

■ The other points raised by appellant's brief deal with alleged violations of the requirements of the "Dead Man's Statute". This court has previously written upon the harshness, and sometimes unfair results, of the application of this rule. However, it will certainly be adhered to until changed. But, to take advantage of the "Dead Man's Statute", objections must be made in the proper form. In this case appellant's objections, listed in her brief, are couched in general form and do not conform with Rules 322 or 418(c), Texas Rules of Civil Procedure. The trial court had the burden of deciding on these objections, and we believe it was correct in its rulings.

Finding the judgment of the trial court to be correct, we overrule appellant's points of error and affirm the judgment of the trial court.